## Castro v. Gentiley.

The previous decisions upon the subject of the plea of reconvention, reviewed, and the conclusion established, that a plea of reconvention, properly so called, must set up a claim similar to, or matter connected with, the cause of action of the plaintiff.

But, independent of our statutory plea of reconvention, it is competent for the Courts to entertain any matter of defence, which would be the proper subject of a cross bill in equity ; and where a claim is unliquidated, and therefore not pleadable in set-off, dissimilar to, and unconnected with, the plaintiff's cause of action, and therefore not pleadable in reconvention, simply, equitable grounds of relief may intervene, (for example insolvency of the plaintiff, and a reasonable fear that the claim of the defendant will be lost, unless he be permitted to interpose it,) and entitle the claim to be entertained ; and where the facts are properly alleged, the denomination of the plea is not important.

Appeal from Medina. This suit was brought on a note of hand given by the appellant to the appellee.

The defendant, in his answer, admitted the note, but claimed some credits for payments, and answered in reconvention, that a bond was given to him, by the plaintiff, for the conveyance of a lot of land, and averred that the plaintiff had conveyed the same land to an innocent purchaser without notice, and thereby deprived himself of the ability to discharge the obligation of his bond, and claimed the value, which he averred to be one dollar per acre. (The bond was not given upon a sale of land at a stipulated price already paid, but was given in consideration of the introduction of the plaintiff by the defendant, as a colonist of Castro's colony. It did not, therefore, when the plaintiff put it out of his power to convey, become a liquidated claim for money, under the authority of Sutton v. Page and Wife, 4. Tex. R. 142. Rep.) To the plea in reconvention, the plaintiff demurred ; and his demurrer was sustained by the Court. The plaintiff had judgment, and the defendant appealed. The judgment of the Court on the demurrer was assigned for error.

*Vanderlip & Jones*, and *Denison*, for appellant.

*S. G. Newton*, for appellee.

LIPSCOMB, J. The right of the defendant, to plead in reconvention, is not a Common Law right, but is given by the statute, in Art. 609, Hart. Dig. It provides as follows: " Where the defendant may have a claim against the plain-" tiff, similar in its nature, but it need not be of the same de-" gree, to that of the plaintiff's, he shall be permitted to file in " his answer a plea of reconvention, setting forth the amount " due him, and judgment shall be given in favor of the party " establishing the largest claim, for the excess of his claim " over that of his opponent, and for costs."

The cases decided by this Court, supposed to be under the law recited, will be noticed in their order. The first is the case of Thomas v. Hill, Adm'r *de bonis non*, 3 Tex. R. 270. It was a suit brought against the administrator, by the former administrator, to recover the amount of money paid by him for and on account of the estate. The defendant pleaded, in reconvention, the amount of the hire of certain slaves belonging to the estate, that the former administrator, who was the plaintiff, had held in his possession, and had not accounted for. The plea was sustained by this Court. This was a case clearly within the statute.

The next was the case of Egery v. Power, 5 Tex. R. 501. It was a suit to recover land and damages for use and occupation. The defendant, in his answer, claimed a better title, and prayed to be quieted in his possession, and prayed for damages sustained by reason of the plaintiff's title being a slander and a cloud on his better title. The plaintiff was permitted to take a nonsuit, against the opposition of the defendant. On appeal, it was considered by the Court, that the defendant's plea was good in reconvention, and that the plaintiff had no right to take a nonsuit. The doctrine was based mainly upon the decisions of Louisiana, supposed to be in

analogy to the provisions of our statute, from which it was concluded, that any cause of action, arising from or connected with the original action, could be set up in the answer, in reconvention.

The next is the case of Walcott v. Hendrick, 6 Tex. R. 406. It was a suit brought by attachment. The defendant pleaded, in reconvention, the damage sustained, by the improper suing out the attachment, to his property and his credit. The plea was sustained by this Court, on the ground that the ground of complaint in reconvention, grew out of, and was connected with, the original cause of action.

The next is the case of Bradford v. Hamilton, 7 Tex. R. 55. The suit was brought on a location and survey of a land certificate. In the answer, it was alleged that the land, sued for, had been located and surveyed by virtue of a certificate owned by the defendant, before the location and survey made by the plaintiff; that the plaintiff had got possession of the said field notes so surveyed under the defendant's certificate, and fraudulently destroyed or withheld them, so that they could not be returned to the General Land Office, and it prayed that plaintiff's location and survey should be annulled, and the defendant's established, and he be quieted in his possession. This answer was held to be good, and whether regarded as a petition in the nature of a cross bill or in reconvention, it precluded the plaintiff from taking a nonsuit. The former decisions, noticed, were commented on in the opinion of the Court; and the following language is used by the Court: " But whether the present be deemed to be properly a plea in " reconvention or not, it sets forth matters upon which the " defendant seeks a judgment against the plaintiff, respecting " the subject matter of the suit; and the principle applicable " to it is therefore the same." And again it is said: " It is " well settled, that the defendant may, in every case, set up " in his answer any matters of defence, whether equitable or " legal, which go to defeat the action; and in Walcott v. Hen- " drick it was determined that the defendant may plead in re-

" convention, or by whatever name the plea may be called, in " his defence, and for redress, all matters *necessarily* con- " nected with the main action."

It is very clear that the matter of defence, in the case of Bradford v. Hamilton, was sustainable without reference to the statute, or to the plea in reconvention, as it clearly present- ed equitable grounds of relief, by a cross bill, and would have been so regarded by any Court exercising chancery juris- diction ; and if the plea had called it a plea in reconvention, under our practice, its effect would not be destroyed or dimin- ished by giving it a wrong designation. And, in the case under consideration, if the defence offered had presented grounds of equitable defence, it would have been sustained, although not a matter that could have been set up in recon- vention, under the statute. If, for instance, the defendant had further averred the insolvency of the plaintiff, and the great probability of a loss of whatever amount he might re- cover in a suit upon the bond, unless secured out of the note sued on, there can be no doubt that his defence would have been sustained, under the equity jurisdiction of the Court, although designated as a plea in reconvention, in his answer. But the cause of action, set out, has no connection with the original suit ; and he has shown no grounds of equity for its support. It was therefore properly rejected, on demurrer ; and the judgment is affirmed.

Judgment affirmed.