HENDERSON v. JAMES GILLIAM & Co.

A defendant cannot, ordinarily, set off a claim due to himself and another, against a claim against himself individually.

A separate debt cannot, ordinarily, be set off against a joint debt, nor a joint debt against a separate debt; but special circumstances may occur, which, in equity, will justify such an interposition.

Although, on the allegation that Carter and Dinwiddie are insolvent, the defendant has some apparent equity to set off so much of their debt to him as would be equal to their share of the joint demand against him, yet we do not think it sufficient to authorize a departure from the general rule. He has made no shewing that they are insolvent, except his bare allegation.* (Exceptions to his plea were sustained.)

Error from Red River. This is a suit on open account; defence, set off. The plaintiffs were copartners, the firm being composed of James Gilliam, John C. Carter, and James H. B. Dinwiddie. The defendant pleaded that Carter and Dinwiddie were indebted to him by judgment, for three thousand three hundred and ninety-six 50-100 dollars. That said judgment remains wholly unsatisfied; that Carter and Dinwiddie are insolvent, and that he cannot collect said judgment from them. He therefore pleads so much of said judgment, as will cover two-thirds of plaintiff's claim. He further pleads that the other partner, James Gilliam, is indebted to him upon account,—and pleads so much of said account in offset, as will cover one-third of plaintiff's claim— the one-third belonging to and being the property of the said Gilliam. Exceptions to this plea were sustained by the Court.

*Young & Morgan*, for plaintiff in error. If the proceed-

---

* It would seem, too, that an account of the affairs of James Gilliam & Co., would have to be taken, in order to ascertain whether so much would be remaining to Carter and Dinwiddie, after the payment of the partnership debts.—REP.

ings in our Courts were governed by the rules recognized in a Common Law Court, the decision of the Court would have been correct beyond all controversy; but the Courts of this country have never been subjected, in their judicial proceedings, to the technical rules of pleadings, that regard order and system, more than the rights of the parties or than the justice of their decisions. Such principles of judicial procedure would better suit the 16th, than the present century. They are now considered as an incumbrance in the administration of justice, and not unfrequently a virtual denial thereof, or as a relic of ancient barbarism, which will soon be swept from the face of the civilized earth.

Under our liberal system of practice, our Courts, having full legal and equitable jurisdiction, are bound to investigate and adjust all the rights arising between the parties litigant, which are presented by the pleadings. Notwithstanding the rights may be of different origin, character or degree, the Court is under obligations to dispose of and adjust all matters in controversy between the parties, which are presented by the pleadings, and thereby avoid multiplicity of suits. (5 Tex. R. 276; 6 Id. 435; 7 Id. 549.)

The position of the parties in this case is as favorable to an adjustment of all matters in controversy between them, as they could possibly occupy. No stage of the proceedings could be more propitious for a full, fair, equitable, and speedy settlement of all matters in dispute.

If the decision of the Court below should be sustained, it would be equivalent to declairing, that the law would enable Gilliam & Co. to collect whatever might be due from Henderson, and at the same time refuse to permit Henderson to collect his past demands against Gilliam & Co., which would be preposterous.

*J. A. N. Murray*, for defendant in error. The Court did not err in striking out the amended answer filed by defendant,

as there is no principle of law by which the same could have been allowed.

There must be mutual debts to authorize a set off; that is they must be due to and from the same persons in the same capacity. (3 A. K. Marsh. 6; 3 Bibb, 286; Litt. Sel. Cas. 325; 10 Yerger, 141; Id. 105; 1 Swan, (Tenn.) 92.)

The judgment v. Carter and Dinwiddie does not come within the rule. The account due to L. D. Henderson & Co. is liable to the same objection, and was barred by the statute of limitations when pleaded or when the suit was brought. The Court could not undertake to adjudicate and settle the accounts due from James Gilliam to L. D. Henderson & Co., and the payment due from Carter and Dinwiddie to L. D. Henderson in a suit between James Gilliam & Co. v. L D. Henderson.

The case of Goode v. McCartney, 9 Tex. R. is decisive of this case.

Defendants in error would respectfully suggest that this case was brought here for delay, and therefore ask that the judgment of the Court below be affirmed with ten per cent. damages for delay.


HEMPHILL, CH. J. In relation to the offset pleaded against Gilliam, it is sufficient to say that the account was not due to the defendant Henderson in his individual right, but to him in partnership with others; and that it was all, with the exception of one item, barred at the institution of the suit.

In relation to the offset pleaded against Carter and Dinwiddie, the objection is raised (and which is in fact common to the whole discount,) that the debts are not mutual; that the debt, attempted to be set off, does not accrue in the same, but in a different right from that of the plaintiff; or, in other words, that the separate debts of the plaintiff, due to the defendant, cannot be set off against their joint demand. It is certainly true, as a general rule, that neither in Courts of

equity nor in law, will a set off of a separate debt against a joint debt, or of a joint debt against a separate debt, be allowed. Special circumstances may occur which, in equity, will justify such an interposition. Where there is an agreement that a separate, may be discounted against a joint debt, or conversely, or where it appears that a joint credit was given on account of a separate debt, and also under other equitable circumstances, not necessary to be enumerated, the debts, though not mutual or in the same right, will be allowed to be interposed against each other. (Story. Eq. Jur. Sec. 1437.) These rules were, perhaps, derived from the phraseology of the statute of George II., which allowed mutual debts to be set against each other. This was certainly the origin of the rule in Courts of Common Law, for it was under this statute that they derived their authority to admit of discounts. Such appears to have been the rule in relation to compensation at the Civil Law, viz.: that compensation should be allowed, only in demands which are in the same right. (Id. Sec. 1442.)

The act allowing discounts in this State, does not expressly declare that the debts shall be mutual or in the same right. It gives general authority to the defendant, to make all the discounts he can, against the claim of the plaintiff. This is very indefinite. If, by the Common Law, then introduced, the defendant was not permitted to set off any demands due him from the plaintiff, a general permission under the statute, to make all the discounts he could, without specifying the character of claims which might be set off, was giving very little or very enlarged rights, dependent upon the construction of the vague terms in which the authority is expressed. The construction hitherto has been, that the act intended to confer on defendants rights of a like character with those granted by the statute of George II. Whether the act be susceptible of a more enlarged interpretation, can be determined when the question has been more fully argued or more maturely considered. Although, on the allegation that Carter and Din-

widdie are insolvent, the defendant has some apparent equity to set off so much of their debt to him, as would be equal to their share of their joint demand against him, yet we do not think it sufficient to authorize a departure from the general rule. He has made no showing that they are insolvent, except his bare allegation. In cases where Courts have permitted opposite demands, on judgment, although the parties to the different records may not be the same, to be set off against each other, where this is attempted on the ground of insolvency, that fact has been shown by affidavit or some other evidence of the fact. (Collyer on Partnership, Sec. 765.)

Upon the whole we are of opinion that there was no error in the judgment, and it is ordered that the same be affirmed.

Judgment affirmed.