### JAMES HAMILTON v. S. VAN HOOK.

The general rule that set-offs must be mutual and due in the same right with the debt sued on, is subject to an exception where the party against whom the set-off is pleaded is insolvent; which fact it devolves upon the party pleading the set-off to prove, in order to bring a demand not mutual or due in the same right within the exception.

The courts of this State will entertain any matter of defence, whether legal or equitable, which goes to defeat the plaintiff's action; but where equitable matter of defence is presented, either by plea of set-off or reconvention, if it does not go to defeat the whole cause of action, the courts, it seems, will reserve to themselves the right to consider it or not, according to the circumstances of the particular case.

Where a defendant, who is sued upon a separate demand, pleads in set-off a joint demand against the plaintiff and other parties, it devolves upon the defendant to prove the insolvency of all the parties liable upon such joint demand, in order to constitute it a valid set-off to the plaintiff's cause of action.

When a joint demand is so pleaded in set-off, the plea ought to designate the names of all the parties liable upon it, and to aver their insolvency; thus notifying the plaintiff of all the matters put in issue by the plea.

The defendant was sued on his note due to the plaintiff alone, and pleaded in set-off a demand against a joint stock company known as the Tellico Manufacturing Company, alleging in his plea that the plaintiff was a member of the company and that all the members of the company were insolvent, but not designating by name the other members of the company; and on the demand so pleaded in set-off, the defendant had brought suit against certain persons including the present plaintiff, which persons he alleged in his petition were members of the Tellico Manufacturing Company; and in this present action the plaintiff offered in evidence the said petition of the defendant, to the introduction of which the defendant objected: *Held*, that the petition was admissible to prove who were members of the company, but that it was not conclusive evidence which would estop the defendant from disproving the allegations of his petition.

The plaintiff identified by a witness a certain document as the articles of the organization of the Tellico Manufacturing Company, which articles designated certain persons as the directors of the company and provided that no person who was not a stockholder could be a director; and the plaintiff having offered the articles in evidence, the defendant objected; *held*, that they were admissible.

ERROR from Ellis. Tried below before the Hon. N. M. Burford. This suit was instituted by Van Hook, the defendant in error,

against Hamilton, the plaintiff in error, and one Thomas H. McCray, upon a promissory note for six hundred and thirty dollars. No service of process being obtained on McCray, the suit was dismissed as to him.

The defendant, Hamilton, pleaded by way of set-off an accepted draft for a thousand dollars, drawn by the superintendent of the Tellico Manufacturing Company upon the president of the same, and averred that the plaintiff was a member of the company, and that the company and all its members were insolvent, but did not set out the names of all the persons who constituted the company. The liability of the company for the draft was not denied, the controversy turning upon the right of the defendant to offset it against the plaintiff, and upon the evidence supporting the allegation of the insolvency of all the members of the company.

The defendant, Hamilton, having introduced evidence of the insolvency of the plaintiff and several other persons who were stockholders in the company, which was a joint stock concern, the plaintiff in rebuttal offered in evidence a petition which Hamilton had filed in a suit in the same court upon the draft offered as a set-off, and upon other similar drafts; in which petition Hamilton had made sundry persons by name defendants, and had alleged that they were partners doing business under the name and style of the Tellico Manufacturing Company. The introduction of this petition was objected to by the defendant, and the objection overruled, when the plaintiff proved that certain of the persons so sued by Hamilton as partners in the company were solvent.

The plaintiff then proved by a witness that there was a written agreement or contract under which the Tellico Manufacturing Company was organized; and an instrument partly in print and partly in writing being exhibited to the witness, he stated that it was the contract, or one like it, and that he believed it to be the contract under which the company was organized. The plaintiff then offered the document in evidence, to which the defendant objected; but the objection was overruled and the evidence admitted. This instrument designated certain persons by name as president, superintendent, secretary, and directors of the company for a limited time, and one of its articles provided that no person

should hold any office in the company unless he owned at least one share of stock. Among the persons named as directors were some who were proved to be solvent.

Many other questions raised in this case are not discussed in the opinion, and consequently the facts relevant to them are not stated.

There was verdict for the plaintiff for eight hundred and sixty-three dollars and ten cents, and judgment accordingly. Defendant moved for a new trial, which was refused.

*James Hamilton*, for plaintiff in error. The petition in the case of Hamilton v. The Tellico Manufacturing Company, offered by defendant in error, should not have gone to the jury as evidence. The purpose for which it was introduced and urged, and the only purpose it was designed to serve, was to use it as an admission of Hamilton, the plaintiff in error, that the defendants therein were members of the Tellico Company, and bound on Hamilton's claim, pleaded in this action in set-off,—and this in order that Van Hook, defendant in error, might then show that some of the parties therein sued were solvent, and to avoid Hamilton's claim being used as a set-off.

That the petition was not legitimate proof of this or any other fact in controversy in this suit, see Starkie on Evidence, vol. 1, side page 331. See also note "f," on same page. The reference is to the "Banbury Peerage," and is noted from the 7th American from the 9th London edition. At side page 338 of same edition, same authority, it is held in actions at law, "one plea or count cannot be insisted upon by the adversary as an admission of a fact distinct from that count." In those authorities, the doctrine is clearly laid down that "a bill in equity is not evidence against the plaintiff in that bill as to any fact in controversy in another suit, and indeed in some instances not even in the same suit." (See also Stillman v. Hurd, 10 Tex. R., 112.) This case is thought to be conclusive of this point. If this is evidence in this suit for Van Hook, it would certainly be evidence in the suit in which it is filed for Hamilton, a rule to which, it is apprehended, not only the other defendants, but Van Hook himself would seriously object.

Hamilton v. Van Hook.

The next error relied upon by plaintiff in error, is the admission of a paper as evidence offered by the defendant in error, purporting to be "articles for the establishment of the basis of the Tellico Manufacturing Company." An inspection of this paper will, it is believed, at once show that it is inadmissible, and well calculated to mislead the jury. It is a paper gotten up, signed and acknowledged by Solomon Van Hook, the defendant in error, and one T. H. McCray. No one else signs or acknowledges it, and no one else is bound by it. It is not a paper that is required to be, or that acquires any greater force or effect by being, acknowledged and recorded. Its uncontrolled use as evidence, however, was well calculated to make the impression on the minds of the jury, that the persons therein named as directors were members of the company, and thereby impose upon the plaintiff in error the burthen of proving that those persons therein named as directors were in fact all insolvent, in order to have his set-off allowed. The paper is not signed by any of those persons characterized as directors of the company, but their names are only recitals made by Van Hook and McCray; and to allow such recitals as evidence here, would be to permit Van Hook to manufacture evidence for himself.

*J. W. Ferris,* for defendant in error.

BELL, J. We are of opinion that there is no error in the judgment of the court below for which the same ought to be reversed. The general rule undoubtedly is, that set-offs must be mutual and due in the same right with the debts sued for. (2 Tex. R., 166.) An exception to this rule, however, is allowed, where the party against whom the set-off is pleaded can be shown to be insolvent. In that case it would be inequitable to permit the party who sues, to recover, leaving the defendant who holds a just demand for which the plaintiff is liable, without any remedy to enforce its payment. The courts of this State will entertain any matters of defence, either equitable or legal, which go to defeat the plaintiff's action. But where equitable matters of defence are presented, either by plea of set-off or reconvention, if they

20 *

do not go to defeat the whole cause of action, the courts would, perhaps, reserve to themselves the right to consider them or not, according to the circumstances of the particular case. (Hanchett v. Gray, 7 Tex. R., 549; Henderson v. Gilliam & Co., 12 Tex. R., 71.; Castro v. Gentiley, 11 Tex. R., 28.) In every case where a joint demand is pleaded in set-off to a separate demand, and the party pleading relies upon the insolvency of the parties against whom he holds the joint demand, to take the case out of the general rule, the burthen is of course upon the party who pleads the set-off to show the insolvency. In the present case, the demand pleaded in set-off was a demand against several persons, only one of whom was plaintiff in this suit. The burthen of proof was therefore upon Hamilton to show the insolvency of all the parties who were liable upon his demand so pleaded in set-off. His plea of set-off was not in fact a good one, because it ought to have named all the parties who were liable upon his demand, and to have averred their insolvency. This would have put the plaintiff upon full notice of the matters which the plea would put in issue. But the plaintiff did not except to the sufficiency of the defendant's plea in this respect. The facts which the plea put in issue were : 1st. Who are the members of the Tellico Manufacturing Company? and, 2d, are all the members insolvent? The defendant, by his plea, treated all the members of the company as severally liable to him. It is not necessary for us to decide, upon the evidence before us, whether they were or not. The court below instructed the jury upon the assumption that they were. The questions of fact were all fairly submitted to the jury, and it was for them to find what persons composed the Tellico Manufacturing Company, and whether those persons were all insolvent or not. The petition of Hamilton against the company, which was read in evidence, was admissible to show who were members of the company, although it was not conclusive evidence upon that point which would estop Hamilton from showing the contrary. (1 Greenleaf's Evid., 551.) The articles showing the organization of the company were also admissible, because they named certain persons as directors, and also showed that no one could be a director without also being a stockholder. The other questions

which are made in the case we do not deem it necessary to notice, because they cannot affect the conclusion to which we have come, that the judgment of the court below ought to be affirmed.

It is ordered accordingly.

Judgment affirmed.