## JOHN HAHN v. COOK & CULMORE.

(No. 378, Tex. L. J., vol. 1, p. 299.)

APPEAL from Harris County. Opinion by ECTOR, P. J.

§ 689. *Set-off of debt of one partner against a partnership debt.* Cook & Culmore, as partners at law, sued Hahn on an account for $286.57 for professional services. Hahn pleaded in set-off and reconvention an account for $289.30 against Culmore, one of the partners, alleging the insolvency of Culmore, and asked that his account in set-off and reconvention be allowed to the extent of Culmore's interest in plaintiffs' demand against him. Defendant testified that Culmore was insolvent. Culmore testified that he was solvent. After the evidence was concluded, plaintiffs moved the court to exclude from the jury the testimony with reference to defendant's set-off, and the court sustained the motion. The general rule is that set-offs must be mutual, and in the same right with the debts sued for, and that a joint debt cannot therefore be set off against a separate demand, nor a separate against a joint one. [Allbright v. Aldrich, 2 Tex. 166.] In this case, if the firm of plaintiffs are solvent, and Culmore, one of the firm, is insolvent, it would be inequitable to permit the plaintiffs to recover a judgment for the entire amount of their claim, leaving the defendant, who holds a just claim, if his testimony is true, for which one of the plaintiffs is liable, without any remedy to enforce its payment, after the showing made to prove his insolvency; and for this reason we think the plaintiffs' motion should not have been granted. We believe it permissible for the courts in this state to entertain any matters of defense, either equita-

ble or legal, which go to defeat the plaintiff's action either in whole or in part. And when equitable matters of defense are presented, if they do not go to defeat the whole case, the courts will reserve to themselves the right to consider them or not, according to the circumstances of the particular case. In every case where a party relies on the insolvency of the party or parties against whom he holds the demand pleaded in set-off, to take it out of the general rule, the burden is on the party who pleads the set-off to show the insolvency. [Hanchett v. Gray, 7 Tex. 549; Henderson v. Gilliam & Co. 12 Tex. 71; Hamilton v. Van Hook, 26 Tex. 302. Judge Ector reviews these cases and distinguishes them from the case at bar, and concludes by saying: "Under our liberal system of practice, we think the courts should dispose of and adjudicate all matters in controversy between the parties, when it can be done, and thereby avoid a multiplicity of suits. The law should not permit Cook & Culmore to collect whatever demands might be due from Hahn to them, and at the same time refuse to permit Hahn to set off so much of their joint demand as would be equal to Culmore's share of the joint demand against him, the insolvency of said firm not being alleged by plaintiffs, and the record being silent as to any creditor of the firm interposing objection to such disposition of any part of the partnership debts of Cook & Culmore."

March 16, 1878.                    Reversed and remanded.