[Opinion delivered May 3, 1880.]

---

## M. M. FONDREN ET AL. v. JOSIAH LEAKE.

### (Case No. 3858.)

1. RECONVENTION — DAMAGES.— In a suit to foreclose the vendor's lien
   by one holding purchase money notes for a steam mill, and the
   land on which it is situated, damages to the property occasioned
   by the bursting of the mill boiler, caused by the plaintiff muddy-
   ing the water supplying the mill, by maliciously building hog pens
   on his own land adjoining the mill, and keeping hogs on the stream
   supplying the mill with water, cannot be pleaded by the defendant
   in reconvention, even though the plaintiff be alleged to be insolv-
   ent, and unable to respond in damages for his wrongful or mali-
   cious acts.

2. FAILURE OF CONSIDERATION.— The defendant cannot plead failure
   of consideration in suit for purchase money, on account of damage
   to the property occasioned by the malicious acts of the plaintiff
   committed after the sale; and such is the case where the plaintiff
   is insolvent.

APPEAL from Ellis. Tried below before the Hon. Zimri
Hunt.

The opinion states the facts.

*Amzi Bradshaw*, for appellants.

*Ferris & Rainey*, for appellee.

WALKER, P. J.— Josiah Leake, the appellee, brought this suit on several promissory notes given by the appellants for the purchase price of a certain mill and machinery and about two acres of land on which the same was situated. The suit was brought by said plaintiff, alleging that he is the legal holder and owner of·the notes; that he sues for the use and benefit of E. M. Hoge, Davney Lancaster and B. R. and J. B. Tyus; that said notes are secured by the vendor's lien on the said premises, which the plaintiff and his wife sold and conveyed to defendant, reserving said lien to secure the payment of the notes aforesaid. Admitting certain credits, plaintiff claimed balance due amounting to $980, with interest thereon. The defendant filed a plea, termed in the pleadings and in the assignment of errors a plea in abatement, alleging in substance that B. R. and J. B. Tyus hold plaintiff's note for the sum of $1,415.50, given for the purchase money of the tract of land on which said mill is situated; that said note is unpaid; that said plaintiff is insolvent; that said B. R. and J. B. Tyus made to the plaintiff their bond for title to said land upon the payment of said note of $1,415.50.

There are other allegations in said plea made, to the effect that the said usees, Hoge, Lancaster, B. R. and J. B. Tyus, have no interest in or right to bring this suit in their names, and that the defendants are informed and believe that E. M. Hoge and D. Lancaster each have a note delivered to them by plaintiff which is barred by the statute of limitations. The entire plea consists of matters quite insufficient and irrelevant. The plea is not sworn to, and as a plea in abatement, for that reason alone, would be treated as a nullity; but it is not properly to be regarded as such a plea, but for whatever it is worth it is a plea in bar, but is plainly insufficient. The plea did not allege that B. R. and J. B. Tyus had not conveyed the land referred to to the plaintiff, nor whether the supposed lien, if any was retained, was su-

perior to that of the plaintiffs, nor that the defendant purchased without notice and knowledge of the existence of such lien; nor does he offer to return the possession of the premises, or otherwise to cancel the contract, or account for the use of the property. Lemon *v.* Hanley, 28 Tex., 222; Cooper *v.* Singleton, 19 Tex., 260; Brock *v.* Southwick, 10 Tex., 65; Demaret *v.* Bennett, 29 Tex., 267; Cook *v.* Jackson, 20 Tex., 211.

The appellant assigns as error the overruling of said plea in abatement. There was no error; the plea was substantially bad.

The defendant pleaded in reconvention damages against the plaintiff, claiming as such $600, and a reduction of $1,000 for partial failure of consideration in the notes. The facts on which the claim is based consist in the alleged malicious and fraudulent construction of a hog pen by the plaintiff on the plaintiff's own land across the spring branch which is necessary to supply the mill and machinery with water, and without which the mill is worthless in that locality. That the plaintiff put hogs in the said pen against the protests of defendants, causing the water to be filthy and unsafe to be used for the purposes of the mill and machinery, and which resulted in and caused the bursting of the boiler, causing said damages. The defendants allege that, at the time of their purchase and the execution of said notes here sued on, the plaintiff and his partner had the intention thus to harass defendants, and by depriving them of the use of said water, and other malicious contrivances, and thus in the end compel them to sacrifice the payments made on the mill, and to resell to them (plaintiff and his partner) at a ruinous reduction of price. And that the injury now complained of was committed in pursuance of said original malicious intention; and that plaintiff still retains said hog pen on the same place, rendering the water unfit for the purposes of the mill, and dangerous from liability to cause explosions.

The plaintiff excepted to the answer for insufficiency, and, for special cause, that it claims unliquidated damages against plaintiff's certain and liquidated demand.

The plaintiff by supplemental petition alleged the execution and delivery to him by B. R. and J. B. Tyus of their deed of relinquishment in writing, of their claim, demand and lien upon said land, which he made an exhibit to said petition; alleged readiness to comply with his bond for title to the said two acres, mill and machinery, and tendered a deed duly executed by himself and his wife to defendants, on condition that they comply with the conditions stipulated in said bond.

A jury was waived and cause submitted to the court. Plaintiff's exceptions to the defendants' answer were sustained, and, on the hearing of the case, judgment was rendered for the plaintiff for the sum of $882.97, with decree for the enforcement of the vendor's lien, from which the defendants appealed, and assign seven grounds of error, all which have been carefully considered, but we do not deem it necessary to refer specially to any other of them than the second, which is as follows, viz.: The court erred in sustaining plaintiff's exceptions to that part of defendants' answer setting up damages in offset or reconvention.

The statute provides that "if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages, founded on a tort or breach of covenant, on the part of the plaintiff. Pasch. Dig., art. 3447. It is clear that if the defense, cause or action consists of facts which constitute a plea of set-off, there was no error in the ruling of the court. But it is insisted that the matter pleaded is properly designated as a plea in reconvention. The distinctions between the one and the other are well defined in the many cases which discuss the rules of pleading governing both classes of defenses, and they need not be here fully presented. The limit which the decisions of our courts have assigned to the right to plead in reconvention is, that the matter pleaded or the damages claimed must have grown out of, or be in some way connected with or incidental to, the main action; it is no objection, however, that the claim pleaded in reconvention is for unliquidated damages. Carothers v. Thorp, 21 Tex., 361;

Egery *v.* Power, 5 Tex., 501; Walcott *v.* Hendrick, 6 id., 406; Cannon *v.* Hemphill, 7 id., 184.

In the case of Castro *v.* Gentiley, 11 Tex., 28, the opinion delivered by Justice Lipscomb reviews all the leading cases which had been hitherto decided by the supreme court, and the conclusion deduced from them seems to be that a plea in reconvention must set up a claim or matter connected with the cause of action of the plaintiff. In a still later case, Duncan *v.* Magette, 25 Tex., 246, in which the limitations applicable to the plea in reconvention were carefully considered, and the cases again reviewed in a very lucid and satisfactory opinion by Chief Justice Roberts, it was held that the docrine of reconvention permits exceptions to the rule prescribed in the fifth section of the act concerning discount and set-off, and limits their application to matters necessarily connected with the main action, and incident to the same; and declares that these limitations cannot be abandoned without producing inextricable confusion.

If the matters set out in the plea or answer of the defendants had been sufficient to constitute a ground of action entitling them to recover damages, which perhaps may be very well doubted under the vague and general allegations contained in the answer, yet such claim does not appear to be one necessarily connected with the main action nor incident to it. The plaintiff's cause of action rests upon the indebtedness of the defendants to him for the purchase of the land, mill and machinery, whereof they were possessed, and no question made, so far as relates to the answer under consideration, to any default, failure or non-performance on the part of the plaintiff in respect to the contract of sale whereby to impugn its validity, or whence to complain of an injury, damage or loss; the defendants' complaint, however, attaches to acts done by the plaintiff having no connection with or reference to the complete performance of that contract, and consists in an alleged and consequential injury arising from acts for the redress of which they had. ample and distinct remedies by judicial process, as by injunction or an action for damages; and such

proceedings would not in the most indirect manner affect the interests or rights of either party under the contract of sale by the plaintiff to the defendants, nor involve in any way the right of the one to demand the purchase money, and of the other to require a title on its payment; the damage for the trespass would have no relation to the original transaction between them; it would not affect the consideration of the purchase, nor entitle the defendants to an abatement of the price or its payment in consequence of the damage sustained by them. The claim, therefore, would be in set-off and not in reconvention; and, therefore, it being for unliquidated damages, could not be set up as a defense in this action.

The answer, however, alleges that the plaintiff is insolvent, and, in effect, that without the benefit of the defense which they make they are remediless at law. It was maintained in the case of Castro v. Gentiley, 11 Tex., 28, that, independent of our statutory plea of reconvention, it is competent for the courts to entertain any matter of defense which would be the proper subject of a cross-bill in equity; and where a claim is unliquidated, and therefore not pleadable in set-off, dissimilar to and unconnected with the plaintiff's cause of action, and therefore not pleadable in reconvention simply, equitable grounds of relief may intervene (for example, insolvency of the plaintiff and a reasonable fear that the claim of the defendant will be lost unless he be permitted to interpose it), and entitle the claim to be entertained; and where the facts are properly alleged, the denomination of the plea is not important. In the application of this principle of pleading, however, to suits like this, in the later and what may be deemed the leading case on this subject in our reports (Duncan v. Magette, 25 Tex., 245), it was held that the insolvency of the plaintiff does not constitute a qualification or exception to the clause in the statute concerning discount and set-off, which provides that "if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages, founded on a tort or breach of covenant on the part

of the plaintiff." "A court of equity will not grant such a remedy by extending it to a case positively prohibited by the law."

The rule may be considered as having been distinctly settled by that case, that the plaintiff's insolvency cannot be made to operate as a qualification to the absolute prohibition of the statute to a defendant's setting up unliquidated damages against a certain demand, where they are founded on a tort on the part of the plaintiff, by a plea in set-off.

It is not necessary under this view of the question to consider the intrinsic sufficiency of the cause of action which the defendants set up in their plea in reconvention. If the facts alleged were not sufficient to entitle the defendants to have recovered in an action brought upon the facts which they allege in the plea, it would not have been sufficient. Woodward v. Rogers, 20 Tex., 178.

The appellants assign as error the overruling of their application for a continuance. There is no bill of exceptions showing the action of the court on that subject; nor does it appear from the record that said application was presented to the court for its action. Harrison v. Cotton, 25 Tex., 53.

The appellants assign as error that the court admitted in evidence a deed from the plaintiff and his wife to themselves without the signature of R. L. Bell. The record shows that Leake & Bell were partners when they sold the property to the defendants, and they joined in the bond to defendants to make title on payment of the money; the condition in the bond stipulated that "said Leake binds himself that whenever the aforesaid notes are all canceled or paid off, that he will make or cause to be made a general warranty deed to the land, mill and machinery to said Johnson, Fondren and Fondren." The deed conformed to the condition of the bond, and was clearly admissible. There was no error in the ruling. The appellants' general assignment, that the judgment is contrary to the law and evidence, is too general to require notice. The judgment was, however, fully supported by the evidence. The error complained of in the overruling of defendants' exceptions to the plaint-

iff's petition is not well founded. Josiah Leake, the original payee of the notes, was an actual and not a nominal plaintiff. He alleged that he was the legal holder of the notes, although he sued for the use of others who were named. The case presented here is unlike that of McFadin *v.* MacGreal, 25 Tex., 73, where the plaintiff distinctly alleged that he had assigned the judgment there referred to, and sued for the use of said assignee. The defendants cannot complain under any interpretation that may be placed upon the legal proposition; they were not denied the advantage of any defense whatever which they could have claimed; the form of the petition, under the allegations made in it, opened to the defendants the right to present whatever defenses could have been urged in a suit on any chose in action not negotiable.

We conclude that there was no error in the judgment, and that it shall be affirmed.

AFFIRMED.