SINGER MANUF'G CO. v. WOOD & DAVIS.

(No. 1505, Op. Book No. 2, p. 468.)

APPEAL from Dallas County.    Opinion by QUINAN, J.

§ 1177. *Pleading; sufficiency of petition upon an account for commissions on sales, etc.* Appellees sued appellants for commissions on sales and leases made of appellants' machines under a contract which allowed appellees thirty per cent. on the amount of such sales and leases. The contract required appellees to make to appellants weekly reports in writing, upon blanks furnished by the company, of all such sales and leases, and to forward with the reports all notes and lease contracts. The petition alleged the contract and the performance of it by plaintiffs; the making and forwarding of the reports, notes, etc., and the amount of commissions due them under the contract, and the refusal of the company to pay the same, but the petition did not allege specifically the amounts for which the machines were sold or leased, the times when the prices were payable and when collected. But it notified the defendant to produce on the trial the written reports made by appellees, which would show these facts specifically. A general demurrer to the petition was overruled. *Held,* that the petition was sufficient. The plaintiffs' cause of action was sufficiently alleged upon general demurrer, and if at all obnoxious

to special exceptions, the overruling the exceptions could have resulted in no injury to appellants. [Hardy v. De Leon, 5 Tex. 211; Davis v. Loftin, 6 Tex. 489.]

§ **1178.** *Burden of proof; prima facie case.* Appellees' right to recover commissions was dependent upon the collection of the notes and lease contracts. These notes and contracts had been delivered by them in accordance with his contract to the company. They were past due. They were collectible only by the company. The presumption was they had been collected. A *prima facie* case had been made out by appellees entitling them to their commissions. If the notes and contracts had not in fact been collected, the burden was upon the company to prove this fact.

§ **1179.** *Counterclaim; individual debt of a firm.* In a suit by a partnership, the defendant cannot offset the plaintiff's demand with a debt against an individual member of the partnership, without showing the insolvency of such member, or an agreement of the partnership to that effect. [Henderson v. Gilliam & Co. 12 Tex. 71.]

October 29, 1881.                    Affirmed.