B. L. AYCOCK v. W. H. DOTY.

(No. 2484, R. Book No. 4, p. 185.)

APPEAL from Falls County. Opinion by WILLSON, J.

§ 221. *Arbitration, award; suit to set aside.* In a suit to set aside a statutory award, wherein it was expressly agreed that the decision of the arbitrators should be final, and that neither party could prosecute an appeal therefrom, the ground of the suit being gross mistake on part of the arbitrators in allowing an item of damage, and the further ground that the award was based upon perjured statements made the arbitrators, *held,* that either ground would be sufficient to set aside the award, if sustained, provided the complaining party was not guilty of negligence in failing to have these wrongs righted before the arbitrators. An award influenced or procured by fraud, partiality, misconduct or gross mistake on the part of the arbitrators, will be set aside and not made a judgment of court, even though no right of appeal was reserved in the agreement to arbitrate, and notwithstanding there has been a compliance with the statute. Rev. Stats. arts. 42 to 56. [Payne v. Metz, 14 Tex. 56; Forshey v. R. R. Co. 16 Tex. 516.]

§ 222. *Consolidation of suits.* It is error, where two or more suits have been properly consolidated, for the court to set aside the consolidation; and if the exercise of such discretion works a manifest injury to one of the parties, it is not only subject of revision on appeal, but reversible error. [Rev. Stats. art. 1450.]

§ **223.** *Suit to set aside an award.* In a suit to set aside an award, where it is pleaded that the party in whose favor the award was rendered is insolvent, set-offs pleaded which were not embraced in the agreement to arbitrate, and not considered and determined by the award, should be allowed against the judgment to be rendered upon the award. [Castro v. Gentiley, 11 Tex. 28; Simpson v. Huston, 14 Tex. 476; Hamilton v. Van Hook, 26 Tex. 302; Thomas v. Hill, 3 Tex. 270.] But the award will be held conclusive and final on such pleadings as to all those matters which were embraced in the arbitration agreement, and with regard to these no complaint will be heard from either party.

November 8, 1882.          Reversed and remanded.