## SCHULER *v.* ISRAEL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

Submitted January 10, 1887.—Decided March 7, 1887.

A judgment recovered in one court may be pleaded as a defence to a suit on the same cause of action pending in another when by law the cause of action is merged in the judgment.

A garnishee has a right to set up any defence against the attachment process which he could have done against the debtor in the principal action; and if the debtor be insolvent, and owes the garnishee on a note not due for which he has no sufficient security, he is not bound to risk the loss of his debt in answer to the garnishee process.

THIS was an action at law, in the nature of assumpsit, commenced in a state court against defendant in error and a gar-

nishee. Judgment for defendant, and for garnishee. Plaintiff sued out this writ of error. The case is stated in the opinion of the court.

*Mr. D. P. Dyer* for appellant.

*Mr. J. E. McKeighan* for appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

The plaintiff in error, who was plaintiff below, brought two separate suits in the Circuit Court of the city of St. Louis, Missouri, on the same day, against C. W. Israel and J. N. Israel, as partners in the banking business. One case was brought upon a note for the sum of $10,000, and the other upon a draft made by C. W. Israel & Co., for $11,250 on the Laclede Bank, on which payment was refused when presented at the bank and the draft duly protested.

In each of these cases a writ of attachment was issued at the commencement of the suit which was served by way of garnishment on the Laclede Bank, also of St. Louis. An order of publication was made in the state court against C. W. Israel and J. N. Israel on account of their being non-residents, and the two suits were removed into the Circuit Court of the United States for the Eastern District of Missouri, upon the application of the plaintiff, upon the ground that he was a citizen of the state of Kansas and the two Israels were citizens of the state of Texas. They were there consolidated and heard as one case.

J. N. Israel appeared and filed an answer for himself alone in which he made no defence to the suit on the check, but set up as a defence to the suit on the note, that before the institution of the present suit in the Missouri court the plaintiff had commenced an action on the same note in the Circuit Court of the United States for the Northern District of Texas, and had at the time of the plea filed, recovered a judgment against the defendant, J. N. Israel, on said note, whereby he claimed that the note was merged in said judgment, and no judgment could be rendered on it in this action. Judgment was rendered in

favor of plaintiff for the amount of the check. The suit was dismissed by plaintiff before hearing as to C. W. Israel.

The Laclede Bank in its response to the garnishee process served on it under the attachment, and in answer to interrogatories propound ed to it by the plaintiff, admitted that there was, on the 24th day of October, 1885, standing on its books to the credit of the three-several banking companies of which J. N. Israel was a partner certain sums of money. The attachment process was served on the Laclede Bank, November 2, 1885, and the bank in its answer says that on the 24th of October the said Israel, being wholly insolvent, made, executed, and delivered a deed of general assignment in conformity with the laws of the state of Texas, where he resided, for the benefit of all his creditors, which assignment is set forth in the answer, and that the bank had notice of this assignment immediately after it was made. It further answered that the said J. N. Israel, individually, and as a member of the several banking houses before referred to, namely, C. W. Israel & Co., the Exchange Bank of Harold, and the Exchange Bank of Wichita Falls, was indebted to the Laclede Bank in an amount exceeding all the sums on deposit with that bank at the date of the service of the attachment.

The plaintiff demurred to the answer of the defendant Israel, setting up the judgment recovered in the United States Court for the Northern District of Texas on the note, and he demurred also to the answer of the Laclede Bank as garnishee, and the case was submitted to the court on these demurrers. The court rendered a judgment overruling both demurrers, finding for the defendant Israel in the suit upon the note and rendering judgment against him in the suit on the check. It also discharged the bank as garnishee.

The plaintiff brings this case here by writ of error, and the two questions presented are : first, as to the sufficiency of the answer of J. N. Israel setting up the judgment in the action on the same note in Texas.

While it is certainly true that the pendency of a suit in one court is not a defence, though it may sometimes be good in abatement, to another suit on the same cause of action in

another court of concurrent jurisdiction, it may be considered as established that when a judgment is recovered against the defendant in one of those courts, if it is a full and complete judgment on the whole cause of action, it may be pleaded as a defence to the action in that court where it is pending and undecided. Neither court would be bound to take notice of the judgment in the other court judicially, but when the matter is pleaded in due time and it is made to appear that a judgment on the same cause of action has been recovered and is in full force and effect, that judgment must be held to merge the evidence of the debt, whether that evidence be parol or written, in the judgment first recovered. Freeman on Judgments, § 221; *Barnes* v. *Gibbs*, 2 Vroom (31 N. J. Law), 317; *McGilvray & Co.* v. *Avery,* 30 Vt. 538; *Rogers* v. *Odell*, 39 N. H. 452; *Bank of North America* v. *Wheeler*, 28 Conn. 433 [*S. C.* 73 Am. Dec. 683]; *Eldred* v. *Bank*, 17 Wall. 545. The court below was right, therefore, in overruling the demurrer to the plea and rendering judgment for the defendant.

As regards the order discharging the garnishee, it seems to us that, without reference to the question of the validity of the assignment of Israel, the answer of the bank sets up a sufficient defence in the fact of the insolvency of J. N. Israel and his indebtedness as partner in the various banking companies above mentioned to the Laclede Bank. The answer of the bank states explicitly that at the time of the service of the summons in garnishment on it, namely, November 2, 1885, it had not, " nor has it since, or has it now, in its possession, custody, or charge, any lands, tenements, goods, chattels, moneys, credits, or effects belonging to the defendants in said cases or either of them. 2d. At said date of garnishment it, the said bank, was not indebted in anywise to said defendants or either of them, nor has it since become so indebted, nor is it now so indebted. 3d. At said date of garnishment said bank was not bound in any contract to pay said defendants, or either of them, any money not then due, nor has it since said date become so indebted."

The bank then goes on to give a detail of its transactions with Israel and his various banks, in which it is shown that

while there was in the bank's hands certain moneys deposited by Israel and his several banking houses, Israel was indebted to the bank in various sums at the time of his failure, October 24, 1885, some of which had matured and others of which had not matured at the time of the service of the garnishee process. But, as Israel and all his banks were insolvent at the time of the service of the garnishee process, we are of opinion that the bank had the right to appropriate any moneys in its hands to the security and payment of these obligations, whether due or not. If we are correct in this proposition, the answer of the bank is sufficient.

As we understand the law concerning the condition of a garnishee in attachment, he has the same rights in defending himself against that process at the time of its service upon him that he would have had against the debtor in the suit for whose property he is called upon to account. And while it may be true that in a suit brought by Israel against the bank it could in an ordinary action at law only make plea of set-off of so much of Israel's debt to the bank as was then due, it could, by filing a bill in chancery in such case, alleging Israel's insolvency, and that, if it was compelled to pay its own debt to Israel, the debt which Israel owed it, but which was not due, would be lost, be relieved by a proper decree in equity; and, as a garnishee is only compelled to be responsible for that which, both in law and equity, ought to have gone to pay the principal defendant in the main suit, he can set up all the defences in this proceeding which he would have in either a court of law or a court of equity. *United States* v. *Vaughan,* 3 Binney, 394 [*S. C.* 5 Am. Dec. 375]; *Shattuck* v. *Smith,* 16 Vt. 132; *Ex parte Stephens,* 11 Ves. 24; Drake on Attachment, §§ 528, 531.

*The judgment of the Circuit Court is affirmed.*