## WILKENS & LANGE v. CHRISTIAN.
### (No. 7697.)

(Court of Civil Appeals of Texas. Galveston. April 24, 1919. On Motion for Rehearing May 13, 1920.)

1. Set-off and counterclaim ⊂⇒36—Immature demand as defense permissible only in equity.

Immature obligation of plaintiff to defendant cannot be interposed as defense to present demand, but equity permits such defense when plaintiff is insolvent.

2. Garnishment ⊂⇒127—Garnishee can set up same defenses as against debtor.

Garnishee has same rights in defending against the process of time of service that he would have had in suit against him by the debtor.

3. Garnishment ⊂⇒144—Answer held not to admit indebtedness.

Answer of garnishee held not construable as admitting indebtedness by him to defendant debtor when the writ was served.

4. Garnishment ⊂⇒143, 162—Garnishee need not allege and prove plaintiff's facts.

Defendant is never required to allege and prove facts required to be alleged by plaintiff; a rule applying to a garnishee.

5. Garnishment ⊂⇒191—Discharged garnishee entitled to attorney's fees.

A garnishee on discharge is entitled to recover his attorney's fees of plaintiff.

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by Wilkens & Lange against A. J. Adams & Bro., wherein, after judgment in their favor, plaintiff sued out writ of garnishment against William Christian, Joe Bundick being made a party and answering. From judgment discharging the garnishee, plaintiffs appeal. Affirmed.

Terry, Cavin & Mills, of Galveston, and E. H. Cavin, of Brownwood, for appellants.
Hutcheson & Bryan, of Houston, for appellee.

PLEASANTS, C. J. The firm of Wilkens & Lange, having obtained a judgment for $4,522.75 against the firm of A. J. Adams & Bro., composed of A. J. and F. L. Adams, sued out a writ of garnishment against appellee William Christian. In response to the writ appellee filed answer, in which he says:

"That he is not now, nor was he at the time the said writ of garnishment was served upon him, indebted in any thing or amount to the said A. J. Adams or the firm of A. J. Adams & Bro.; that he is not now, nor was he at the time said writ of garnishment was served upon him, in the possession of any effects belonging to the said A. J. Adams or the firm of A. J. Adams & Bro.; that he does not know of any person or persons who are indebted to the said A. J. Adams, or the firm of A. J. Adams & Bro., or have effects belonging to· the said A. J. Adams, or to the firm of A. J. Adams & Bro. in their possession.

"Garnishee says further that during the year 1917 the defendant F. L. Adams had a cotton and checking account with garnishee, and that among other cotton shipped garnishee during the year 1917 were 20 bales, as shown by sales account No. 40, 57, 54, 64, and 65, respectively, said sales account being hereto attached and made a part hereof; that this account was carried in the name of F. L. Adams, and the proceeds of the cotton referred to in the above-

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

numbered sales accounts when sold was placed to the credit of said F. L. Adams.

"Garnishee says that the said F. L. Adams executed and delivered to the garnishee on February 28, 1917, his one certain promissory note of that date for the sum of $1,002.50, and on the same date executed another note payable to the garnishee in the sum of $550, same being given in payment of mules sold to the defendant F. L. Adams by garnishee; that thereafter, on July 19, 1917, the defendant F. L. Adams executed and delivered to garnishee a third note, for the sum of $65, making a total indebtedness due the garnishee by the defendant F. L. Adams on note account in the sum of $1,617.50; that on a balancing of the cotton account of garnishee with the said F. L. Adams (and without reference to the money due garnishee by the defendant F. L. Adams on the notes above referred to) garnishee was due the defendant F. L. Adams the sum of $1,070.33.

"Garnishee therefore says that, unless said account is in error by reason of the matter hereinafter alleged, garnishee is not indebted to the defendant F. L. Adams in any sum or sums of money whatsoever, but that the defendant F. L. Adams in truth and in fact owes garnishee the sum of $547.17."

The answer then avers:

That one Joe Bundick claimed one-half of the proceeds of the sale of 20 bales of cotton before mentioned, and "that, as shown by said sales accounts hereto annexed, said 20 bales of cotton brought the sum of $3,040.73, one-half of which is the sum of $1,520.36, and that garnishee, upon receipt of said notice from the said Joe Bundick, together with certificates of the ginners as to his interest in said 20 bales of cotton, has placed to the credit of said Joe Bundick the sum of $1,520.36; that, as aforesaid, if the said Joe Bundick was in truth and in fact the owner of an undivided one-half interest in and to the said 20 bales of cotton, and entitled to one-half of the proceeds thereof, to wit, $1,520.36, then garnishee says that he is not indebted to the said F. L. Adams in any sum or sums of money whatsoever, but, as hereinbefore stated, the said F. L. Adams is indebted to the garnishee in the sum of $547.17. If, however, the said Joe Bundick was not the owner of an undivided one-half interest in and to the said 20 bales of cotton, and not entitled to one-half of the proceeds thereof, and if one-half of the proceeds thereof, to wit, $1,520.36, be credited to the account of the said F. L. Adams, then and in that event garnishee is indebted to the said F. L. Adams in the sum of $973.19.

"Garnishee therefore prays the court that Joe Bundick, of Ft. Bend county, Tex., be cited to appear and answer in this cause, and be compelled to show this court what interest, if any, he had in said 20 bales of cotton, and in the proceeds thereof, so that in this proceeding it may be determined by this court what, if anything, the garnishee is indebted to the defendant F. L. Adams.

"Garnishee further says that, except as may be found by the court upon a hearing of the evidence relating to the facts hereinbefore set out with reference to the cotton account of the said F. L. Adams, and the said claim of Joe Bundick, garnishee is not now, nor was he at the time said writ of garnishment was served upon him, indebted in any thing or amount to the said F. L. Adams; that he is not now, nor was he at the time said writ of garnishment was served upon him, in possession of any effects belonging to the said F. L. Adams; that he does not know of any person or persons who are indebted to the said F. L. Adams, or have effects belonging to him in their possession.

"Garnishee says that he has had to employ an attorney to write this answer for him at the reasonable cost of $50.

"Wherefore garnishee prays, as hereinbefore stated, that the said Joe Bundick be made a party to this cause of action, and be required to show what interest, if any, he had in said 20 bales of cotton, or in the proceeds thereof, and then, if it be determined at a hearing hereof, that the said Joe Bundick was in truth and in fact the owner of an undivided one-half interest in said 20 bales of cotton, that garnishee be discharged from any liability under said garnishment, with his costs and attorney's fees, and for such other and further relief and decrees of the court that he may be justly entitled to, and, if it be ascertained on a trial hereof that the said Joe Bundick has no such interest, as claimed by him, that garnishee be permitted to offset the $547.17 owed him by the defendant F. L. Adams against the sum of $1,520.36 and be permitted to pay into court the sum of $973.19, after which he be discharged, etc., as herein prayed."

Bundick was made a party and answered, claiming one-half of the proceeds of the sale of the cotton.

Appellant filed a general demurrer and general denial to this answer, but presented no exception to or contest of the answer of appellee.

The trial in the court below without a jury resulted in a judgment discharging the garnishee upon his answer with a judgment in his favor for costs and attorney's fees against appellant, and also a judgment in favor of defendant Bundick against appellant for $1,520.36, one-half of the proceeds of the cotton, and all costs expended by him. The correctness of the judgment in favor of Bundick is not questioned by appellant.

There was no evidence showing the date of the maturity of either of the three notes of F. L. Adams in favor of appellee, nor was there any pleading or evidence showing, or tending to show, that Adams was insolvent, except the affidavit for garnishment filed by appellant and upon which the writ was issued, which states:

"That neither said defendant A. J. Adams, and brother, a firm composed as aforesaid, nor said A. J. Adams, nor said F. L. Adams, the individual members of said firm, have within the knowledge of said plaintiffs or of the person making affidavit in support of this application property in their possession or in the possession of any one of them within this state subject to execution sufficient to satisfy such judgment."

Under appropriate assignments of error appellant assails the judgment discharging appellee on his answer upon the ground that the answer shows that appellee was indebted to the judgment debtor, F. L. Adams, in the sum of $1,070.35, and seeks to offset against such sum the three notes mentioned in the answer without showing either that said notes were due at the time or before the writ of garnishment was served upon him, or that the said Adams is insolvent.

[1] The general rule of law is that an undue obligation of the plaintiff in favor of the defendant cannot be interposed as a defense to a present demand of the plaintiff, but equity permits such defense when it is shown that the defendant is insolvent, since in such case it would be inequitable to permit the plaintiff to recover and leave the defendant with a just claim against the plaintiff without any means for its enforcement.

[2] In garnishment proceedings the garnishee has the same rights in defending himself against that process at the time of its service upon him that he would have had if suit had been brought against him by the debtor. Castro v. Gentiley, 11 Tex. 28; Henderson v. Gilliam, 12 Tex. 71; Hamilton v. Van Hook, 26 Tex. 302; Schuler v. Israel, 120 U. S. 506, 7 Sup. Ct. 648, 30 L. Ed. 707; Presnall v. Stockyards National Bank, 151 S. W. 875.

[3] We do not think the answer of the garnishee should be construed as admitting any indebtedness by him to F. L. Adams at the time the writ was served upon him. The statement "that on a balancing of the cotton account of garnishee with the said F. L. Adams (and without reference to the money due garnishee by the defendant F. L. Adams on the notes above referred to) garnishee was due the defendant F. L. Adams the sum of $1,070.33," if considered by itself, might be construed to mean that garnishee at the time the writ was served upon him had in his possession $1,070.33 which was due the defendant Adams. But, when that paragraph is considered together with the other averments of the answer, it cannot be fairly given such construction. It is positively averred in a subsequent paragraph of the answer that, unless the defendant Adams owned the one-half interest in the proceeds of the sale of the cotton claimed by Joe Bundick, that garnishee was not indebted to him in any amount when the writ was served, nor at the time the answer was filed. We think the averments of the answer in which the indebtedness due the garnishee by Adams and the notes executed by him in favor of garnishee are mentioned, and the averments as to the amount of the proceeds of the sale of the cotton and the claim of Joe Bundick for one-half thereof, were all made for the purpose of showing the amount in which Adams was indebted to the garnishee at a previous balancing of accounts between them, in order that garnishee, in event it should be shown that Bundick did not own the interest in the proceeds claimed by him, might retain a sufficient amount of said proceeds to satisfy the balance due him by the Adams, and such averments should not be given the effect of destroying the positive statement of the answer that the garnishee was not indebted to Adams at the time the writ was served upon him.

[4] It seems clear to us that, in the absence of any exception to the answer, or any contest of its statements of facts, its positive averments should not be disregarded because it may contain other averments which are indefinite and possibly contradictory. If the balancing of the accounts with the defendant Adams mentioned in the answer was a settlement had between him and the garnishee before the writ of garnishment was served upon the latter, it is immaterial whether the notes were then due, and the answer is certainly susceptible of the construction that such settlement was had before the writ was served. If the answer taken as a whole should be construed as showing that appellee was only seeking now to set off against money due by him to the defendant notes of the defendant which were not due at the time the writ was served, we are not prepared to say he was not entitled to that relief. It is true the answer does not aver the insolvency of the defendant Adams, but the application and affidavit for garnishment which is the basis of the proceedings in effect does. A defendant in a suit is never required to allege or prove facts alleged by the plaintiff, and we can see no reason for not applying this rule in this proceeding. We do not, however, decide the question, as in our opinion the judgment should be affirmed upon the other grounds stated.

[5] If we are correct in holding that the court was correct in discharging the garnishee upon his answer, he was entitled to recover of appellant his attorney's fees, and the assignment complaining of that portion of the judgment must also be overruled.

What we have said disposes of all the material questions presented by appellant's brief, and it follows from the conclusions above stated that the judgment should be affirmed.

Affirmed.

### On Motion for Rehearing.

After due consideration of the very forceful motion for rehearing presented by counsel for appellants, we have reached the conclusion that the motion should be refused.

We think our construction of the answer of the appellee garnishee in our former opinion is the reasonable construction to be given the answer, and we do not care to add anything

on this question to what is said in that opinion.

The question of whether there is sufficient pleading and evidence to establish the insolvency of the defendant Adams is not material to the determination of the appeal if our construction of the answer of the garnishee is correct, and we did not in our former opinion affirmatively hold that such insolvency was shown.

Upon further consideration we agree with appellants' counsel that the judgment cannot be sustained on this ground, and the suggestion in our former opinion that it might be is withdrawn.