JACOB ALLBRIGHT, EDLEY T. POWELL and ELISHA CLAPP vs. ELIZABETH ALDRICH, Adm'x of COLLIN ALDRICH, Deceased — Appeal from Houston County.

Setoffs must be mutual and due in the same right with the debts sued for. [26 Tex. 302.]

A joint debt cannot be set off against a separate demand, nor a separate debt against a joint one.

The material facts of this case appear in the opinion of the court.

*Miller* and *Taylor*, for appellants.

No appearance for appellee.

Mr. Chief Justice HEMPHILL delivered the opinion of the court.

The record shows that an account was filed against the estate represented by the plaintiff about the time of the trial, and eighteen months after the commencement of the suit, [167] which was intended, perhaps, as a setoff, but without any plea being filed, as required by the statute. No notice of this account was taken by the court at any stage of the proceedings. But, admitting that the setoff had been regularly pleaded, and disregarded by the court and jury, there would not, on this ground, have been error in the judgment. The account in setoff was not due from the plaintiff to the defendants, but to one of them and another person not a party to the record. Setoffs must be mutual and due in the same right with the debts sued for. A joint debt cannot, therefore, be set off against a separate demand, nor a separate debt against a joint one. This rule would have prevented a separate demand of one of the defendants from being set up to defeat the demand of the plaintiff against them in their joint capacity, and much more will it prohibit the account as filed, which is not due to either of them separately, but to one of them jointly with a stranger to the action. Tom. Law Dic. 3d vol. p. 467; Barbour on Setoff, 54–75. There are modifications of the general rule, but they do not extend to the admission of this demand.

There being no good ground for this appeal, it is ordered that the judgment be affirmed with damages.