JOHN A. GREATHOUSE v. EARLY GREATHOUSE.

(Case No. 4664.)

1. SET-OFF — PLEADING.— The separate, independent claim of a defendant against the plaintiff for a balance claimed to be due on partnership transactions between them alone may be set off against a suit by plaintiff for purchase money and to enforce a vendor's lien.   Construing art. 645, Revised Statutes.
2. CASE DISTINGUISHED.— This case distinguished from Allbright v. Aldrich, 2 Tex., 166; Hamilton v. Van Hook, 26 Tex., 302, and other cases which seemingly announce a different rule; the difference being that in those cases one or more additional obligors were bound with the plaintiff in the counterclaim attempted to be set up by defendant.

APPEAL from Bell.   Tried below before the Hon. B. W. Rimes.

Suit by appellee Early Greathouse against John A. Greathouse, on a purchase money note for $275, given for a tract of land, and to enforce the vendor's lien thereon.   The defendant set up as an answer a counterclaim consisting of a balance largely in excess of the plaintiff's claim, growing out of a partnership alleged by defendant to have existed between himself and the plaintiff from 1876 to 1879 in the business of ginning cotton for the public.   The answer set forth the items of account between them in the conduct of the business, from which the balance charged against the plaintiff was derived, and that the partnership was dissolved in 1879.   The note sued on was dated and due June 10, 1873.

The plaintiff excepted to the answer and moved to strike it out; the exceptions were made on the grounds following:

1st. Because defendant attempted to set up a counterclaim to plaintiff's cause of action, a matter of unliquidated damages, against a certain and liquidated demand.

2d. Because he attempted to set up a joint debt as a counterclaim against the demand of plaintiff, which was a separate debt.

The court sustained the exceptions and struck out the answer. Judgment was rendered for the plaintiff on the note, with decree foreclosing the vendor's lien. The defendant appealed and assigns as error the above stated ruling of the court on his answer.

*Boyd & Holman*, for appellant.

*Harris & Saunders*, for appellee.

WALKER, P. J. COM. APP.— Article 645, R. S., provides that "whenever any suit shall be brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plead therein any counterclaim which he may have against the plaintiff, subject to such limitations as may be prescribed by law." Under an analogous provision in the statutes existing previous to the revision (art. 3443, Pasch. Dig.), it was held that the set-offs or counterclaims contemplated by the law must be mutual and due in the same right; that a joint debt cannot be set off against a separate demand, nor a separate debt against a joint one; and that this rule applies to partnership debts. See Allbright *v.* Aldrich, 2 Tex., 166; Hamilton *v.* Van Hook, 26 Tex., 302; Henderson *v.* Gilliam, 12 Tex., 71; Goode *v.* McCartney, 10 Tex., 194.

But it cannot be maintained that the defendant's counterclaim setting up a balance due him on a pre-existing partnership with the plaintiff falls within the spirit or meaning of the rule above deduced from the decisions. In those, and in similar cases, elsewhere to be found, it is to be noticed that in all the joint claims or partnership claims which have been determined to be unavailable as defenses in set-off, there was one or more additional obligors jointly bound or liable with the plaintiff on the counterclaim thus set up as a defense.

But where, as in this case, the plaintiff, whom the defendant alleges was his partner and indebted to him as stated in the answer, is shown to have been the only partner with the defendant in the business in which they were concerned, the debt thus claimed as a counterclaim cannot properly be deemed a joint demand of any two or more persons against the plaintiff. It is the separate, independent claim of the defendant against the plaintiff, and it constitutes no objection against asserting it as a counterclaim that it is an alleged balance due on partnership transactions.

For the error in striking out the answer, we conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted January 25, 1884.]