### REEVES v. WHITE.

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1913.)

1. COURTS (§ 169*)—COUNTY COURT—JURISDICTION—AMOUNT IN CONTROVERSY.

In an action in the county court between former partners, where defendant by counterclaim sought to recover the specific sum of $999 alleged to have been received by the plaintiff, who refused payment thereof, the court was not called upon to adjudicate a partnership transaction of double that amount, so as to exceed the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

2. PLEADING (§ 330*) — PARTICULARS — EXCUSE.

The fact that plaintiff was in possession of the account books and would not permit defendant, his former partner, to inspect them afforded a sufficient excuse for not particularly itemizing the amount alleged by counterclaim to be due to defendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 996–1002; Dec. Dig. § 330.*]

3. SET-OFF AND COUNTERCLAIM (§ 3*)—CONSTRUCTION OF STATUTE.

Rev. Civ. St. 1911, art. 1325, providing that, in any suit brought for the recovery of any debt due by judgment, bill, or otherwise, the defendant may counterclaim against the plaintiff, was enacted to avoid a multiplicity of suits and should be liberally construed.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 3; Dec. Dig. § 3.*]

4. SET-OFF AND COUNTERCLAIM (§ 28*) — CLAIM UPON TORT—STATUTE.

Under Rev. Civ. St. 1911, art. 1329, providing that, where suit is founded on a certain demand, defendant cannot set off unliquidated or uncertain damages founded on a tort or breach of covenant, defendant, in an action by his former partner on a note, might set off a debt due from the plaintiff.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 47, 48; Dec. Dig. § 28.*]

5. PARTNERSHIP (§ 108*)—ACTION BETWEEN PARTNERS.

The rule that one partner cannot sue another except for dissolution of the copartnership and for a general accounting has no application to a suit between former partners after dissolution by consent.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 157–158, 160, 162–166; Dec. Dig. § 108.*]

6. SET-OFF AND COUNTERCLAIM (§ 44*)—SUBJECT-MATTER—JOINT OR SEPARATE DEBT.

The rule that set-offs or counterclaims must be due in the same right and that a separate debt cannot be set off by a joint debt does not prevent the setting off of a separate

individual debt from one of two partners to the other.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 82–96, 98, 99; Dec. Dig. § 44.*]

7. SET-OFF AND COUNTERCLAIM (§ 33*)—SUBJECT-MATTER.

Where plaintiff was individually indebted to defendant upon any claim not founded upon a tort or breach of covenant, defendant might set off such debt against his individual indebtedness to the plaintiff founded on a note, and it was immaterial that defendant's demand arose out of former partnership transactions.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 1, 32, 54, 55; Dec. Dig. § 33.*]

8. ACTION (§ 25*)—EQUITABLE AND LEGAL DEMANDS.

The distinction that, except where otherwise provided by statute, an equitable demand cannot be pleaded in a court of law in set-off against a legal demand has been abolished in this state.

[Ed. Note.—For other cases, see Actions, Cent. Dig. §§ 124–145, 147–149, 153, 156–159, 313; Dec. Dig. § 25.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action by G. F. White against G. P. Reeves. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. H. Anderson, of Marlin, for appellant. Tom Connally, of Marlin, for appellee.

JENKINS, J. Appellee brought this suit to recover of appellant a balance alleged to be due on a promissory note for $800, executed by appellant in favor of appellee December 6, 1907. Appellant, by a verified plea, alleged that he and appellee on April 26, 1909, entered into a copartnership for the purpose of buying and selling cattle, setting out the terms of said copartnership, among which was that the profits of said business were to be shared equally; that each party complied with the terms of said copartnership, and that the same was dissolved by mutual consent on March 11, 1911; that appellant's part of the profits in said business was $999, which was in the hands of appellee, who refused to pay the same over to appellant or to credit the same on the note sued on; that it was specially agreed that appellant's part of the profits in said business should be applied to the liquidation of said note, but that appellee had failed and refused so to do, except for the sum of $359.95, credited on said note.

Appellant alleged that the books and accounts of said copartnership were in the hands of appellee, for which reason he could not more particularly set out the items of profit due him. He prayed that appellee be required to produce in court said books and accounts; that the amount due him be applied first as a set-off against the amount due on the note sued on, and that he have judgment over for the balance. Appellee excepted to said answer because: (a) It ap-

peared that the amount pleaded in set-off was beyond the jurisdiction of the county court; (b) the items of profit were not pleaded with sufficient certainty; and (c) it appeared that the matters pleaded arose out of a partnership transaction and were not proper items of set-off against a suit upon a note. These exceptions were sustained, and the action of the court is before us for review.

[1] 1. As to the amount in controversy it is the contention of appellee that, inasmuch as appellant alleges that his share of the profits were $999, the court is called upon to adjudicate a partnership transaction of double that amount. It is immaterial what was the amount of the copartnership transactions. Appellant is not suing for a dissolution and settlement of a copartnership but for a specific sum, to wit, $999, which he alleges appellee has received and refuses to pay over to him.

[2] 2. Appellant gives a sufficient excuse for not more particularly itemizing the amounts alleged to be due him, viz., that appellee is in possession of the account books and will not permit him to inspect them.

[3, 4] 3. The common-law doctrine as to set-off has been modified by our statute, which reads as follows: "Whenever any suit shall be brought for the recovery of any debt due by judgment, bond, bill, or otherwise, the defendant shall be permitted to plead therein any counterclaim which he may have against the plaintiff, subject to such limitations as may be prescribed by law." R. S. art. 1325. The object of this statute is to avoid a multiplicity of suits and it should be liberally construed. The only limitations prescribed by law are found in article 1329, R. S., which reads: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff; and, if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff."

In this case the plaintiff's suit is founded on a certain demand, to wit, a note; but defendant's demand is not founded on a tort or breach of covenant. Appellant alleges that the terms of the copartnership were complied with by both parties; and the fact that appellee refuses to pay over to appellant his portion of the profits is no more a tort or breach of covenant than would be the refusal to repay money which had been loaned to appellee by appellant.

[5] 4. Expressions found in the text-books and decisions, to the effect that one partner cannot sue another, except for dissolution of the copartnership and for a general accounting, have no application to the instant case. Appellant and appellee are not partners. The copartnership formerly existing between them is alleged to have been dissolved by mutual consent prior to the institution of this suit.

5. In many cases it has been held that a debt arising from a pre-existing partnership cannot be set off against an individual claim of one of the former partners against another. But these were cases in which there were more than two partners; and, there having been no final settlement of the partnership affairs, the debt is not due to the partner who is sued in his individual right but jointly to him and the other partner or partners.

[6] It is a well-established principle that set-offs or counterclaims must be due in the same right, and that a separate debt cannot be set off by a joint one. Allbright v. Aldrich, 2 Tex. 166; Hamilton v. Van Hook, 26 Tex. 306. Our statute does not modify this principle. Greathouse v. Greathouse, 60 Tex. 598. But in the instant case, there having been but two partners, if appellee has refused to pay over to appellant, as alleged, the half of the partnership profits due appellant, he is indebted to appellant individually to the amount so withheld.

[7] 6. If appellee is individually indebted to appellant or is liable to him individually upon any claim not founded on a tort or breach of covenant, the appellant may set off the same against any individual indebtedness due to appellee founded on a certain demand; and it is immaterial whether appellant's demand against appellee arose out of the transaction of a former copartnership or otherwise, or partly out of such transactions and partly otherwise. Barber v. Morgan, 76 S. W. 319.

[8] 7. Some confusion seems to have arisen by not keeping in view the fact that a suit upon a note is a suit at law, and that a suit for partnership accounting is a suit in equity, and that, except where otherwise provided by statute, an equitable demand cannot be pleaded in a court of law in set-off against a legal demand. This was the basis of the decision in Willis v. Barron, 143 Mo. 459, 45 S. W. 291, 65 Am. St. Rep. 673, cited by appellee, wherein it was said: "A mere suggestion of an accounting and an equitable defense will not oust a court of law of its jurisdiction." This distinction has been abolished in this state. But, independent of this fact, appellant's demand was a proper set-off against the demand of appellee.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for trial in accordance with this opinion.

Reversed and remanded.