RAY v. CARTWRIGHT. (No. 1526.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1915. Rehearing Denied Dec. 16, 1915.)

1. SET-OFF AND COUNTERCLAIM ⊙⟶44—JOINT LIABILITY.

In a suit on a note a pleading in set-off and reconvention for various items including damages for breach of a contract made with defendant by "plaintiff and other interested parties" was subject to demurrer, as a joint debt or liability cannot be set off against a separate debt nor a separate debt against a joint one.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 82–96, 98, 99; Dec. Dig. ⊙⟶44.]

2. BILLS AND NOTES ⊙⟶473—EQUITABLE DEFENSES—PLEADING.

In a suit on a note an answer which failed in its object of setting up a counterclaim could not be held good as stating an equitable remedy independent of the statute allowing offsets, where it failed to aver insolvency of the plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1503–1507, 1555; Dec. Dig. ⊙⟶473.]

3. SET-OFF AND COUNTERCLAIM ⊙⟶35—UNLIQUIDATED DAMAGES.

Under Rev. St. art. 1329, forbidding a set-off for an unliquidated demand in a suit on a certain demand, defendant in a suit on a note could not set off a demand for unliquidated damages founded on breach of independent covenant.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 58–64; Dec. Dig. ⊙⟶35.]

Appeal from Shelby County Court; J. S. Stephenson, Special Judge.

Action by R. K. Cartwright against R. M. Ray. From a judgment sustaining demurrer to the answer, defendant appeals. Affirmed.

S. H. Sanders, of Center, for appellant. T. H. Postell, of Center, for appellee.

LEVY, J. This suit was by appellee in the justice court on a note for $50 given to him by appellant for the rent for the year 1914 of appellee's half interest in a farm. From a judgment against him in the justice court the appellant appealed to the county court. Appellant admitted the execution of the note to appellee, but pleaded in set-off and reconvention a counterclaim embracing items of improvements made on the farm in December, 1912, and at various stated times in 1913, to the value of $178.60, which was alleged to be owing him, in the nature of

damages, for breach, previous to the making of the rent note, of a contract of sale of the land made in 1912 with appellant by "plaintiff and other interested parties." Both the justice and the county courts sustained a demurrer to this pleading of appellant, and the appeal is to revise the ruling of the county court sustaining the demurrer.

[1-3] First, the appellee has filed a motion to perfect the transcript by including therein the omitted original pleading of counterclaim filed by appellant. In view of the trial judge's order appearing in the motion upon and respecting the original pleading of appellant, it is believed this court is confined, in determining the demurrer, to the perfected transcript showing the original pleading of the appellant.

It is concluded that the court did not err in sustaining the demurrer to the appellant's original pleading in set-off and reconvention. According to the pleading the claim of appellant was not a separate debt or liability, due in the same right with the debt sued on, against appellee, but was a joint claim or liability against appellee and "other interested parties," not parties to the record, for damages for breach of a previous contract independent of the subsequent rental note. It is the rule that a joint debt or liability cannot be set off against a separate debt nor a separate debt against a joint one. Allbright et al. v. Aldrich, Adm'r, 2 Tex. 166; Wise v. Ferguson, 138 S. W. 816. And as an equitable remedy, independent of the statutes allowing offsets, it fails in sufficiency of allegation for the want of averment of insolvency of the appellee. Henderson v. Gilliam, 12 Tex. 72; Hanchett v. Gray, 7 Tex. 549. And under the statutes the defendant is not permitted to set off against a certain demand unliquidated damages founded on breach of independent covenant. Article 1329, R. S.; Carothers v. Thorp, 21 Tex. 359.

The judgment is affirmed.