## PECK & HICKERNELL v. HUNTER.*
### (No. 2719.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 27, 1926. Rehearing Denied Dec. 8, 1926.)

**1. Partnership ⬉333—In accounting suit, each partner may be charged with agreed contribution to capital, where loss resulted.**

Where partners were obligated to contribute equally to the capital and loss resulted, in suit for accounting, each partner may be charged with sum which he agreed to pay.

**2. Partnership ⬉328(3)—In partnership accounting suit, evidence held to sustain denying credit for use of automobile.**

In accounting suit between partners, evidence *held* to sustain denial of credit to one partner for use of his automobile.

**3. Partnership ⬉328(3)—In partnership accounting suit, denial of credit for commission paid for running up bid on partnership property, sold under execution, held sustained by evidence.**

In suit for accounting between partners, evidence *held* to sustain denial of credit for commission paid for running up bid on partnership property, sold under execution.

**4. Partnership ⬉334—In accounting suit between three partners, debt due from one to another individually cannot be set off.**

In accounting suit between one partner and two other partners, where sum was found due former, debt due from him to one other partner individually could not be set off.

Appeal from District Court, Wilbarger County; Robert Cole, Judge.

Suit by J. L. Hunter against Peck & Hickernell, a copartnership composed of A. P. Peck and J. C. Hickernell, and against the individual members and another. A. P. Peck filed a cross-action. From the judgment, Peck & Hickernell and A. P. Peck appeal, and J. L. Hunter files cross-assignment. Reformed and, as reformed, affirmed.

Storey & Leak and O. T. Warlick, all of Vernon, for appellants.

E. R. Pedigo, of Austin, and Berry, Stokes & Killough, of Vernon, for appellee.

JACKSON, J. J. L. Hunter, appellee, instituted this suit in the district court of Wil-

barger county, Tex., against Peck & Hickernell, a copartnership composed of A. P. Peck and J. C. Hickernell, and against the individual members of said firm and Roy C. Russell.

He alleges that on or about October 8, 1920, he and the firm of Peck & Hickernell purchased from the Bowers Oil Company certain property consisting of all the mineral and oil rights in certain lands which he describes, and on which two or more flowing wells were situated, together with all necessary tools and machinery for operating the wells. That he and Peck & Hickernell agreed that appellee should pay in cash $12,500 on the purchase price of said property, and that the firm of Peck & Hickernell should pay in cash on the purchase price thereof $25,000; that the entire purchase price was $75,000, to be paid one-half in cash and the balance to be paid out of the proceeds of the oil produced from said property.

He alleges that the firm of Peck & Hickernell and the individual members thereof promised and agreed to manage and operate the property without expense to the purchasers, save and except the actual expense that would be incurred by J. C. Hickernell in the use of his automobile looking after the property.

Appellee alleges that he was to receive one-fourth of all the profits derived from the operation and resale of the property, and be liable for one-third of all the losses sustained in the operation or resale thereof, and that the firm of Peck & Hickernell, and A. P. Peck and J. C. Hickernell, individually, were to receive one-half of all the profits, and be liable for two-thirds of all the losses sustained, and that Roy C. Russell was to receive one-fourth of the profits, if any were made, as compensation for his assisting in their acquiring the property for the consideration of $75,000.

Appellee alleges that he paid $12,500 in cash to Peck & Hickernell to be applied on the purchase price of the property by them; that the property was acquired and assigned to A. P. Peck and J. C. Hickernell, according to the agreement theretofore made between all the parties that the title should be so taken and held; that the consideration paid for the property was $25,000 in cash and the assumption by the purchasers of the payment of $50,000 outstanding indebtedness of the Bowers Oil Company, with the understanding that should said indebtedness be less than $50,000 the difference should be paid to the Bowers Oil Company; that Peck & Hickernell, for their part, paid on the purchase price of said property only $15,000; that they took charge of and operated the property from about October 8, 1920, until about May, 1923, at which time it was sold by order issued out of the district court of Wilbarger county, Tex.

Appellee pleads that no settlement of the copartnership business growing out of the

purchase of the property of the Bowers Oil Company has ever been made between him and the firm of Peck & Hickernell, or the individual members thereof, or Roy C. Russell; that A. P. Peck is in possession of all the books, receipts, deposits, vouchers, and bills pertaining to said copartnership business; and that he is informed and believes that, upon a true and correct settlement and accounting of said business, there is due him from the firm of Peck & Hickernell, and the individual members of said firm, and each of them, the sum of $12,500.

Appellee offers to do equity and prays that an accounting be had of said copartnership transactions, and that A. P. Peck and J. C. Hickernell be required to contribute to the business $25,000, less any sum they may have theretofore paid thereon, and upon such contribution and accounting he have judgment for whatever sum is due him from the other partners in said enterprise and for costs of suit.

A. P. Peck answered, denying, under oath, any partnership existing between himself and J. C. Hickernell in the Bowers Oil Company enterprise, pleaded general denial, and alleged that he was the owner of an undivided one-fourth interest in said property, that J. C. Hickernell was the owner of an undivided one-fourth interest therein, and that Roy C. Russell and the appellee were silent partners in the enterprise; that J. C. Hickernell was to receive and was credited on the books of the company with $4,308.37 as salary for his services to the company; that the total expenditures of the company was $107,806.01, and the total receipts was the sum of $84,617.19, leaving a total loss of $23,708.18 from the operation and sale of the property; that appellant was liable for one-third of the loss; namely, $7,902.73; that he had theretofore filed a statement, under oath, showing the condition of the business and affairs of the company, but had omitted therefrom the item of $4,308.37, the salary of J. C. Hickernell, and had also omitted therefrom the item of salary for himself for services rendered to the company, which was of the reasonable value of $100 per month for a period of 30 months.

A. P. Peck alleges by way of cross-action that, at the time of the purchase of the property from the Bowers Oil Company, he indorsed appellee's note, payable to the Waggoner National Bank of Vernon, Tex., for the sum of $3,500; that a balance of $1,889.84 of said note appellee failed and refused to pay, on which balance the bank recovered judgment against the appellee and himself, which he was, on the 18th of February, 1924, forced and compelled to pay; that the proceeds of the note so indorsed were for the use and benefit of appellee and were used by him in the payment for his interest in the Bowers Oil Company property; and that he (Peck) received no part of said money, but

that he is now the owner and holder of said judgment, and it is an outstanding and unsatisfied judgment in his favor against appellee; he prayed that whatever sum might be found due and owing by him to appellee be credited with the amount of money and interest he had paid to the Waggoner National Bank on said judgment, and for general and special relief.

Appellee, in reply to the answer of A. P. Peck, filed a general denial, and specially denied that the firm of Peck & Hickernell, or either member thereof, was to receive any remuneration for services, and pleaded that it was agreed that no charge would be made for services until the consideration for the property was discharged and the business was on a paying basis, at which time the partners were to agree on the manner and method of handling the property.

A. P. Peck, by trial amendment, pleaded that in compliance with the orders of the court he had filed a sworn statement showing the receipts and disbursements of the company, but inadvertently he had omitted therefrom one item of $2,878.74 which he and Hickernell were forced and compelled to pay on May 14, 1923, on a judgment rendered against the company and Peck & Hickernell, in the foreclosure proceedings, for a part of the original purchase money due the Bowers Oil Company, which was the amount over and above the sum brought by the property at the sale under execution.

Roy C. Russell disclaimed all interest in the property, or the proceeds, and neither J. C. Hickernell nor the firm of Peck & Hickernell, as such firm, filed any answer.

The case was submitted to the court without the intervention of a jury, and judgment was rendered for J. L. Hunter, the appellee, for the sum of $4,459.57, and costs of suit, from which judgment the firm of Peck & Hickernell and A. P. Peck, hereinafter called appellants, prosecute this appeal.

[1] Appellants present as error the action of the court in holding that the firm of Peck & Hickernell, and the individual members thereof, should, in the settlement of the copartnership business of A. P. Peck, J. C. Hickernell, and J. L. Hunter, be charged with the $10,000, the unpaid balance of the $25,000, which said firm agreed to pay or contribute in cash to be applied to the purchase price of the property and become a part of the capital invested in the enterprise, because appellee's only remedy would be a suit against Peck & Hickernell and the members of said firm for a breach of the contract of partnership between him and said firm.

The court finds, in effect, that Peck & Hickernell was a copartnership firm composed of A. P. Peck and J. C. Hickernell, and that said firm, on one part, and J. L. Hunter, on the other part, agreed to purchase the property from the Bowers Oil Company for the consideration of $75,000, and that ap-

pellee should pay $12,500 thereof in cash, and Peck & Hickernell should pay $25,000 thereof in cash. This finding of the court is not attacked and is amply supported by the testimony, and the, record discloses that the appellee paid his $12,500 in cash to the firm of Peck & Hickernell, and that said sum was paid on the purchase price of the property acquired from the Bowers Oil Company; that Peck & Hickernell paid the sum of $15,000 upon the purchase price of said property, but that the firm, and the members thereof, failed and refused to pay the additional $10,-000, as originally agreed.

The record discloses that Roy C. Russell was to receive a one-fourth interest in the profits of the venture, if any were made, as a consideration for services rendered by him to Peck, Hickernell, and Hunter in the purchase of the property from the Bowers Oil Company, but was not liable for any losses; that A. P. Peck was to receive one-fourth of the profits, J. C. Hickernell was to receive one-fourth of the profits, and J. L. Hunter was to receive one-fourth of the profits; and that each of them was to be liable for one-third of any and all losses sustained in the purchase, sale, and operation of the Bowers Oil Company property.

It is admitted that no profits were made, but that the enterprise or business resulted in a loss; that Peck, Hickernell, and Hunter are each responsible for one-third thereof; that the copartnership property acquired by Peck, Hickernell, and Hunter is disposed of; that there is no outstanding indebtedness of said copartnership, and there is no contention that either member thereof is insolvent. The fact that the court designates the $10,000 with which he charged Peck & Hickernell in the settlement, as profits, does not change the legal or equitable effect of his judgment.

Under the contract of partnership, J. C. Hickernell, A. P. Peck, and J. L. Hunter were obligated to contribute equally to the capital, and where a loss resulted, as in this case, in a suit for an accounting, each partner may be charged with the sum he agreed to pay. 20 R. C. L. p. 930, par. 146; Modern Law of Partnership, Rowley, p. 417, par. 357; Johnston v. Ballard et al., 83 T. 486, 18 S. W. 686.

[2] Appellants present as error the action of the trial court in failing and refusing to charge appellee with his one-third of the following items:

1. Commission paid to Roy C. Russell....... $2,500 00
2. Commission paid to L. E. Key............    250 00
3. Salary to A. P. Peck for services rendered .....................................  2,500 00
4. Salary to J. C. Hickernell for services rendered ..................................  4,308 00
5. Adjustment on Hickernell's car...........    790 00

The court finds, in substance, that by agreement no salaries, wages, or compensation were to be paid to any one of the partners until the property had been paid out of debt, at which time they were to agree on the method of operation; that the indebtedness against the property was never discharged, and therefore, neither A. P. Peck nor J. C. Hickernell was entitled to any compensation for the services rendered by them to the company. He finds that the consideration for the property was $75,000, and that Roy C. Russell was to receive for his services, in assisting the company in acquiring the leasehold estate of the Bowers Oil Company, one-fourth of the profits made, if any, and that the payment to him by Peck & Hickernell of $2,500 as commission was unauthorized, as no profits were made, and that appellee was liable for no part thereof.

The above findings are amply supported by the testimony. The court gives no specific reasons for refusing the item of $790 adjustment "for the use of Hickernell's car," nor for refusing the $250 commission paid to L. E. Key, but the testimony tends to show that Mr. Hickernell used his car in looking after the affairs of the firm of Peck & Hickernell, in addition to its use in the Bowers enterprise, that, by agreement between Hickernell and Peck, the firm of Hickernell and Peck was to remunerate him for the use of his car, and that Mr. Hickernell received nothing from the assets or moneys of the Bowers enterprise for the use of the car.

[3] The testimony tends to show that the commission of $250, alleged to have been paid L. E. Key, was for his services in running up the bid on the property of the Bowers enterprise at the sale thereof, under execution, as a "sham bidder."

In our opinion the testimony is sufficient to support the findings of the court on these items.

[4] Appellee, J. L. Hunter, by cross-assignment, challenges as error the action of the court in rendering judgment against him and in favor of A. P. Peck on his cross-action for the sum of $2,097.83, and in deducting said sum as an offset against the amount the court found to be due and owing to him (Hunter) by A. P. Peck and J. C. Hickernell, jointly and severally, on account of the partnership affairs, for the reason that, in an action for a settlement and accounting of the partnership business, one partner, if the firm consists of more than two partners, cannot set off an individual debt due him from one of the other partners, if all the partners are living and none of them insolvent.

The record discloses that in order to pay into the copartnership, as per his agreement, the sum of $12,500, J. L. Hunter borrowed from the Waggoner National Bank of Vernon, Tex., the sum of $3,500 and gave his note therefor, indorsed by A. P. Peck; that after making some payments on said note Hunter defaulted in the payment of a balance thereon, and the bank secured judgment against him and A. P. Peck for said balance, which A. P. Peck was compelled to pay, amounting

(289 S.W.)

with interest, according to the court's finding, to $2,097.83, and that Hunter has never paid said sum, or any part thereof, to Peck.

It is admitted that the money procured from the bank by Hunter on Peck's indorsement went into the purchase price of the property acquired from the Bowers Oil Company, and represented a portion of the capital paid by J. L. Hunter into the copartnership business, entered into between him and the other parties to this litigation; that the transaction of borrowing the money from the Waggoner National Bank and indorsing the note therefor was an individual matter between J. L. Hunter and A. P. Peck, in which neither the firm of Peck & Hickernell nor J. C. Hickernell had any interest; that the judgment obtained by the bank was against J. L. Hunter and A. P. Peck; that A. P. Peck paid it out of his individual assets; and that he owned the judgment individually. There are more than two members of the copartnership firm, the business of which is involved in this suit; there is no suggestion of the death of either of the partners; there is no contention that either of them is insolvent, and no contention that the partnership is interested in the cross-action of A. P. Peck or in the judgment which he owns against J. L. Hunter.

"Set-offs must be mutual and due in the same right with the debt sued for. A joint debt cannot therefore be set off against a separate demand—nor a separate debt against a joint one." Allbright v. Aldrich, 2 Tex. 166; Reeves v. White (Civ. App.) 161 S. W. 43.

In the case of Poindexter v. Hicks et al. (Civ. App.) 260 S. W. 206, it is held that one partner is not entitled to set off against his obligations to the firm a debt due him from one of the firm. This is apparently the settled law. Wise v. Ferguson (Civ. App.) 138 S. W. 817; Hilliard et al. v. Johnson (Civ. App.) 28 S. W. 100; Olive et al. v. Morgan et al. (Civ. App.) 28 S. W. 573; 24 R. C. L. p. 869, par. 75; Modern Law of Partnership, Rowley, vol. 2, pars. 764, 857.

In Greathouse v. Greathouse, 60 Tex. 597, the Supreme Court says:

"Under an analogous provision in the statutes existing previous to the revision (article 3443, Pasch. Dig.) it was held that the set-offs or counterclaims contemplated by the law must be mutual and due in the same right; that a joint debt cannot be set off against a separate demand, nor a separate debt against a joint one; and that this rule applies to partnership debts."

In distinguishing the law thus announced from the Greathouse Case, the court continues:

"In those, and in similar cases elsewhere to be found, it is to be noticed that in all the joint claims or partnership claims which have been determined to be unavailable as defenses in set-off, there was one or more additional obligors jointly bound or liable with the plaintiff on the counterclaim thus set up as a defense. But where, as in this case, the plaintiff, whom the defendant alleges was his partner and indebted to him as stated in the answer, is shown to have been the only partner with the defendant in the business in which they were concerned, the debt thus claimed as a counterclaim cannot properly be deemed a joint demand of any two or more persons against the plaintiff. It is the separate, independent claim of the defendant against the plaintiff, and it constitutes no objection against asserting it as a counterclaim that it is an alleged balance due on partnership transactions."

It will be noted that the distinction made by the Supreme Court between the Greathouse Case and the Albright and similar cases leaves the case at bar controlled by the rule announced in the Albright Case. The law, as announced in the Greathouse Case, in which it was shown there were but two partners and no additional obligors, and in the cases holding that if one of the partners is dead or insolvent, the facts may be such as to authorize the recovery of a set-off in a suit for a partnership accounting, does not, in our opinion, control this case because no exception to the general rule is shown to exist.

It is our opinion that, under the facts as revealed by this record, the court erred in deducting the offset claimed by A. P. Peck of $2,097.83 from the amount found by the court to be due and owing J. L. Hunter from the firm of Peck & Hickernell, and the individual members thereof, jointly and severally, on account of the copartnership transactions. The other cross-assignments are overruled.

The judgment of the trial court is reformed and here rendered, decreeing that J. L. Hunter have and recover of and from the firm of Peck & Hickernell, and A. P. Peck and J. C. Hickernell, jointly and severally, the sum of $6,557.40; or the sum of the judgment rendered in his favor by the court, plus the offset of $2,097.83, deducted in favor of A. P. Peck.

As reformed, the judgment of the trial court is affirmed.