CURETON, C. J. The opinion of the Commission of Appeals is adopted, and the mandamus awarded.

---

**PECK v. HUNTER.   (No. 776–4759.)**

Commission of Appeals of Texas, Section B.
Dec. 7, 1927.

**1. Costs ⬤⟞230—Where judgment for plaintiff in district court, appealed from by defendant, was affirmed by Supreme Court, plaintiff held entitled to costs incurred in district court and Court of Civil Appeals.**

Where judgment recovered by plaintiff in district court was finally affirmed by Supreme Court, both as matter of law and of equity, after Court of Civil Appeals on defendant's appeal had disallowed defendant's offset, included in original judgment, but had otherwise affirmed judgment, plaintiff was entitled to costs incurred in district court and Court of Civil Appeals.

**2. Costs ⬤⟞229—Defendant, procuring in Supreme Court reversal of judgment of Court of Civil Appeals, denying offset, held entitled to costs in Supreme Court.**

Where judgment for plaintiff was affirmed on defendant's appeal by Court of Civil Appeals, except as to claim of offset by one defendant, which was denied, defendant, bringing writ of error to the Supreme Court, was entitled to costs in Supreme Court on affirmance of judgment originally entered, reversing that of Court of Civil Appeals.

**3. Appeal and error ⬤⟞362(1)—Supreme Court has no jurisdiction of matters not presented in application for writ of error.**

Supreme Court has no jurisdiction of alleged errors committed in lower court, not presented in application for writ of error.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

On motion to retax costs. Motion granted relative to retaxing costs, and otherwise denied, original judgment as to taxation of costs set aside, and judgment rendered.

For original opinion, see 292 S. W. 1101.

Turner, Culton & Gibson, of Amarillo, and Storey & Leak and O. T. Warlick, all of Vernon, for plaintiff in error.

Berry, Stokes & Killough, of Vernon, and E. R. Pedigo, of Austin, for defendant in error.

SHORT, J. The original motion for rehearing in this case was overruled without written opinion, our original opinion being reported in 292 S. W. 1101, wherein the judgment of the Court of Civil Appeals was reversed, and that of the district court affirmed. The judgment of the Court of Civil Appeals is reported in 289 S. W. 106.

[1-3] The defendant in error, Hunter, recovered a judgment against the plaintiffs in error in the district court of Wilbarger county on January 7, 1926, for the sum of $4,459.-57, together with all costs expended. From this judgment the plaintiffs in error appealed to the Court of Civil Appeals, where the judgment of the district court was in all things affirmed, except that part allowing the plaintiff in error Peck, as an offset, the sum of $2,097.83; that court holding that Peck was not entitled to offset Hunter's claim against the partnership with this claim. The plaintiffs in error successfully prosecuted a writ of error to the Supreme Court, with the result already stated. In writing up the judgment, all the costs incurred in the district court and in the Court of Civil Appeals, as well as in the Supreme Court, were taxed against the defendant in error, Hunter, and with this action he was dissatisfied, and has been allowed to file a second motion for rehearing.

To the extent that the motion deals with the costs in the case, it is granted, since it appears to us that the defendant in error,

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hunter, not having appealed from the judgment of the district court rendered in his favor for a certain amount, and that judgment having been affirmed by the Supreme Court, both as a matter of law and of equity, he should not be held liable for the payment of the costs in these courts, but that the plaintiffs in error should be. The plaintiffs in error having procured in the Supreme Court the judgment rendered, reversing the judgment of the Court of Civil Appeals, we think the defendant in error, Hunter, should be taxed with all the costs incurred in the Supreme Court, the remainder of the costs to be taxed against the plaintiffs in error.

The other matters mentioned in the second motion for rehearing are not discussed by us, for the reason that the Supreme Court has no jurisdiction of them. The defendant in error, Hunter, while complaining of these matters in the lower courts, has not sought by an application for a writ of error to the Supreme Court to have the action of these courts reviewed as to these matters.

We therefore recommend that the second motion for rehearing, in so far as it relates to a retaxing of the costs, be granted, and, as to the other matters, that the same be denied, and that judgment be entered setting aside the original judgment as to taxation of the costs, and that judgment be entered in accordance with this recommendation.