**FIRST STATE BANK OF DENTON v. VESTAL & NAUGLE.**

No. 12588.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 9, 1932.

Rehearing Denied March 5, 1932.

George M. Hopkins, of Denton, for appellant.

W. O. Davis, of Gainesville, and Joe S. Gambill, of Denton, for appellees.

DUNKLIN, J.

F. H. Vestal and I. T. Naugle, composing the partnership firm of Vestal & Naugle, were engaged as contractors in the construction of residences and other buildings in the town of Denton, and as such contractors they built a residence for C. N. Adkisson. The contract to do the work was in the name of I. T. Naugle only, but for the benefit of the partnership firm. As a consideration for the work to be performed Adkisson and wife executed their promissory note, payable to Naugle, in the sum of $3,500, and also a mechanic's lien on the lot and improvements to secure the payment of the note. Those two instruments were dated June 5, 1930. On August 28, 1930, the partnership firm of Vestal & Naugle borrowed from the First State Bank of Denton the sum of $3,500 to secure money with which to finish Adkisson's residence, and attached the Adkisson note to a note given for the money so borrowed as collateral security. Vestal & Naugle then had an account with the bank, and, when the Adkisson note was turned over to it, the bank credited the $3,500, representing the proceeds of the Adkisson note, to the account of Vestal & Naugle. As soon as the deposit was made, the cashier of the bank, without the consent of either member of the partnership, charged $1,200, which Naugle then owed the bank on his individual account, against the balance owing by the bank to the partnership firm, thus reducing in that sum the amount which the books of the bank showed it owed to the partnership firm.

This suit was instituted by Vestal & Naugle to recover the $1,200 so charged against their partnership account, and, from a judgment in favor of the plaintiffs, the defendant bank has prosecuted this appeal. The judgment so rendered was in obedience to an instructed verdict.

The rule of law which was invoked by the plaintiff and followed by the court upon the trial. and which is well settled by all of the authorities, is that a bank cannot charge a debt owing to it by a member of a partnership against an account which it owes to the partnership of which that individual depositor is a member. 7 Corpus Juris, 659 and authorities there cited; Manhattan Bank v. Walker, 130 U. S. 267, 9 S. Ct. 519, 32 L. Ed. 959; Ray v. Cartwright (Tex. Civ. App.) 180 S. W. 927; Poindexter v. Hicks (Tex. Civ. App.) 260 S. W. 206; Shaw v. Centerfield Oil Co. (Tex. Civ. App.) 10 S.W.(2d) 144; 47 Corpus Juris, 780, 781–783.

By special pleading the bank sought to establish credit against plaintiff's demand of what was claimed to be Naugle's partnership interest in the $3,500 for which the firm was given credit on the bank's books, and some testimony was introduced in an attempt to show that, upon a settlement and winding up of the partnership business of Vestal & Naugle, Naugle had an interest in that deposit, after payment of all the partnership debts to different creditors, of $1,065.65.

We know of no rule which would permit such a defense to plaintiff's suit, involving as it did a separate and distinct cause of action for winding up a partnership business against the will of its members with none of the other creditors parties to the suit. It is to be noted further that there was no pleading of insolvency of the partnership or its members, nor was there any pleading that the Adkisson note for which the firm was given credit on the bank's books was in fact owned exclusively by Naugle, or that the bank was induced to give credit therefor through any fraud practiced upon it by Naugle, or by mistake.

There being no controversy as to the facts recited above, the court did not err in instructing a verdict in plaintiff's favor, and, accordingly, all assignments of error are overruled, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

On August 28, 1930, when the firm of Vestal & Naugle borrowed from appellant bank the sum of $3,500 and secured the same with the Adkisson note and mechanic's lien, the Adkisson residence had then been finished, as pointed out by appellant in its motion for rehearing, but the money so borrowed was for the purpose of liquidating debts incurred by Vestal & Naugle in the construction of the Adkisson residence.

The act of appellant bank in applying $1,200 it owed the partnership firm to payment of Naugle's individual debt to the bank, and the immediate notification thereof to the partnership firm, amounted to a breach of appellant's contract, evidenced by giving credit for the funds to the partnership; and the firm was entitled to interest thereon at the legal rate from the date of such breach, as a matter of law.

And plaintiff had the right to an instructed verdict for such interest, at all events. Authorities cited by appellee, such as S. A. & A. P. Ry. v. Addison, 96 Tex. 61, 70 S. W. 200; Mack-International Motor Truck Corp. v. Coonrod (Tex. Civ. App.) 264 S. W. 129, have no application here, since those cases were submitted to juries and the question determined was that interest could not be included in the judgment in the absence of an allowance thereof in the verdicts, in view of the statutory requirement that the judgment must follow the verdict.

Appellant stresses with much earnestness the contention that it had the right to set off against the claim of the partnership firm the sum of $1,065.65, which it was alleged was Naugle's interest in the $3,500 deposited to the credit of the partnership. In that connection it was alleged, and there was some testimony tending to show, that that amount would be Naugle's interest in that fund after payment of all outstanding debts owing by the firm at the time the deposit was made, amounting to some $1,200.

Greathouse v. Greathouse, 60 Tex. 597, was a suit by Early Greathouse against John A. Greathouse to recover on a purchase-money note for $275, secured by a vendor's lien on land. The defendant set up a counterclaim for a balance due him upon a prior dissolution of a partnership business between the plaintiff and the defendant. In that case the following was said:

"Article 645, R. S., provides that 'whenever any suit shall be brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plead therein any counterclaim which he may have against the plaintiff, subject to such limitations as may be prescribed by law.' Under an analogous provision in the statutes existing previous to the revision (art. 3443, Pasch. Dig.), it was held that the set-offs or counterclaims contemplated by the law must be mutual and due in the same right; that a joint debt cannot be set off against a separate demand, nor a separate debt against a joint one; and that this rule applies to partnership debts. See Allbright v. Aldrich, 2 Tex. 166; Hamilton v. Van Hook, 26 Tex. 302; Henderson v. Gilliam, 12 Tex. 71; Goode v. McCartney, 10 Tex. 194.

"But it cannot be maintained that the defendant's counterclaim setting up a balance due him on a pre-existing partnership with the plaintiff falls within the spirit or meaning of the rule above deduced from the decisions. In those, and in similar cases elsewhere to be found, it is to be noticed that in all the joint claims or partnership claims which have been determined to be unavailable as defenses in set-off, there was one or more additional obligors jointly bound or liable with the plaintiff on the counterclaim thus set up as a defense.

"But where, as in this case, the plaintiff, whom the defendant alleges was his partner and indebted to him as stated in the answer, is shown to have been the only partner with the defendant in the business in which they were concerned, the debt thus claimed as a counterclaim cannot properly be deemed a joint demand of any two or more persons against the plaintiff. It is the separate independent claim of the defendant against the plaintiff, and it constitutes no objection against asserting it as a counterclaim, that it is an alleged balance due on partnership transactions."

Article 645, referred to in that opinion, is substantially the same as what is now article 2015 of the Revised Civil Statutes of 1925.

In 24 R. C. L. page 869, par. 75, the following is said: "In an action on a partnership demand, the defendant cannot set off an individual debt due him from one of the partners. There is not only want of mutuality between the two demands, but the effect of allowing such a set-off would be an indirect appropriation of partnership assets to the payment of the private debt of one of the individual partners."

A great array of authorities are cited in support of that text, including, among others, Beauregard v. Case, 91 U. S. 134, 23 L. Ed. 263, with numerous notes from American Decisions, American State Reports, and the L. R. A. Reports.

We quote further from 20 R. C. L., page 942, § 162, as follows: "In order that debts may be set off, they must be mutual between the parties to the record; therefore, the general rule is that in an action by a partner-

ship to recover a debt, the defendant cannot set off an individual debt due to him by one member of the firm. The effect of allowing a set-off in such a case would be to permit an indirect application of partnership assets to pay the private debt of one member of the firm. This principle has received many important applications."

We quote also the following from 3 R. C. L. page 591, § 219: "The right of the bank to apply a deposit to an indebtedness due from the depositor, results from the right of set-off, which obtains between persons occupying the relation of debtor and creditor, and between whom there exist mutual demands, and it is familiar law that mutuality is essential to the validity of a set-off, and that, in order that one demand may be set off against another, both must mutually exist between the same parties. Thus, though some decisions hold that a bank may apply the individual deposit of a partner to the payment of a partnership debt, according to the great weight of authority a bank can claim no lien upon the deposit of one partner, made on his separate account, in order to apply it on a debt due from the firm. And it has been held that the deposit of a partner cannot be applied to an overdraft of the firm, although the bank, in an action by the partner, might set up such overdraft as a counterclaim. Clearly, partnership deposits cannot be applied to the individual indebtedness of one of the partners."

In 2 Morse on Banks & Banking, § 334, the following was said in discussing set-offs: "The debts must be between the same parties and in the same right."

In 2 Michie on Banks & Banking, page 1012, § 134, it was said: "Mutuality is essential to the validity of a set-off, and in order that the demand of the bank may be set off against that of the depositor, both must mutually exist between the same parties in the same capacity or right. In other words, there must be a mutuality between the debtor and the creditor and between the debt and the fund deposited."

To the same effect is 2 Rowley's Modern Law of Partnership, page 1209, § 857; and 1 vol. Id. § 455.

Haley v. Cusenbary (Tex. Civ. App.) 30 S. W. 587, and Wise v. Ferguson (Tex. Civ. App.) 138 S. W. 816, also hold that mutuality is essential to the right of set-off.

The testimony heard upon the trial of this case showed without conflict that the partnership of Vestal & Naugle had never been dissolved, but was still continuing at the time of the trial. It may be noted further that, even if it had been decided that the firm owed no debts, that would not be binding on any persons not parties to this suit asserting such claims against the firm, to say nothing of the interference with the further

conduct of the partnership business to the injury of Vestal, the other partner.

For the reasons stated, the motion for rehearing is overruled.